WILLIAMS, BIRNIE & COMPANY, plaintiffs in error, *vs.* J. W. BROWN, sheriff, *et al.*, defendants in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case .)

1. If a plaintiff in execution, for a valuable consideration, releases property which is subject thereto, it is a satisfaction of such execution to the extent of the value of the property so released, so far as purchasers and creditors are concerned.

2. Will a court of equity compel an older judgment creditor, when there are junior mortgages upon distinct parcels of the debtor's property, to resort, in the first instance, to the property last encumbered, or compel all the property encumbered to contribute *pro rata* to the payment of such lien? *Quære.*

3. Where, on a money rule, the oldest execution was attacked upon the ground that property sufficient to satisfy it had been released from its lien, the exemplification of a bill in equity filed by the present holders of said *fi. fa.* to enjoin the levy of the same, then in the control of the defendant to said bill, upon which a consent order had been taken providing for the transfer of said *fi. fa.* to the present owners, and the release of certain property therefrom, was admissible, as it tended to show the circumstances under which the transfer was made, and the inducement which led to the release.

4. Where a verdict may, by a reasonable construction, be understood, and a legal judgment can be entered thereon, it is sufficient.

Liens. Mortgages. Equity. Judgments. Verdict. Before Judge BUCHANAN. Fayette Superior Court. February Term, 1876.

Reported in the decision.

E. F. HOGE; P. L. MYNATT, for plaintiffs in error.

A. D. FREEMAN; R. F. LYON; McCAY & TRIPPE; R. H. CLARK, for defendants.

WARNER, Chief Justice.

This was a rule against the sheriff of Fayette county to distribute money arising from the sale of the property of De-Vaughn, under a mortgage *fi. fa.*, in favor of Groover, Stubbs & Company, against DeVaughn. The money in the hands

of the sheriff, arising from the sale of the mortgaged property, was claimed by Williams, Birnie & Company, on a *fi. fa.* issued on a judgment obtained in the district court of the United States, on the 21st of March, 1872, in favor of Neal against DeVaughn, and which had been transferred by assignment to the Citizens' Bank of Georgia, and by the bank to Williams, Birnie & Company. The mortgage of Groover, Stubbs & Company was dated 5th of May, 1873, and was of younger date than the above recited judgment. Groover, Stubbs & Company were made parties to the rule against the sheriff, who alleged in his answer that the plaintiffs were not entitled to the money in his hands on their *fi. fa.*, because the same had been levied on property in the town of Jonesboro, when the *fi. fa.* was the property of the Citizens' Bank, of the value of $12,000 00, and which was mortgaged to said Williams, Birnie & Company, which mortgage was of junior date to that of Groover, Stubbs & Company; that the Citizens' Bank had also a mortgage on other property of DeVaughn, and that when the plaintiffs took an assignment of the judgment from the bank, that they agreed to release the property covered by the bank's mortgage from the lien of that judgment; that since the plaintiffs had obtained the control of said *fi. fa.*, they had sold one-half interest in it to one Turner, on the express condition, and for sufficient consideration, that the property in Jonesboro covered by the plaintiffs' mortgage should be released from the lien of said judgment.

The plaintiffs traversed these allegations in the sheriff's answer, and the issue thus formed was submitted to the jury, who, under the charge of the court, returned the following verdict: "We, the jury, find property enough released by Williams, Birnie & Company to satisfy *fi. fa.* in full." The plaintiffs, Williams, Birnie & Company, made a motion for a new trial on the various grounds therein stated, which was overruled by the court, and the plaintiffs excepted.

On the trial of the issue, Groover Stubbs & Company read in evidence a certified copy of a bill in equity filed by Williams, Birnie & Company in the circuit court of the United

States against the Citizens' Bank and others, in which they alleged that the Neal *fi. fa.* had been levied on their mortgaged property in the town of Jonesboro, at the instance of the Citizens' Bank, as the assignee thereof, and also set forth the various mortgage liens that had been created by De-Vaughn on his property in favor of different parties, at different times, and the dates thereof, all of which were younger than the Neal judgment; that the Citizens' Bank had a mortgage lien on DeVaughn's property, though the mortgage of Groover, Stubbs & Company was the oldest mortgage lien on the property of DeVaughn, and that he was entirely insolvent. The complainants prayed for an injunction to restrain the sale of their mortgaged property in Jonesboro, and that the Citizens' Bank might be decreed to resort for the satisfaction of its Neal judgment to the property of DeVaughn encumbered by the mortgages thereon in the inverse order in which the same were created, so as that the last encumbered property should be first sold in satisfaction of said judgment lien; but if the complainants were not entitled to that relief, then they prayed that the Citizens' Bank might be decreed to transfer the Neal judgment to them, on payment of the full amount thereof, and should the court feel constrained to deny both of the foregoing prayers, then the complainants prayed that all the property encumbered by the respective mortgage liens should be decreed to contribute *pro rata* to the payment of the Neal judgment lien. It further appears from the evidence of Mr. Hoge, one of the plaintiffs' counsel, who was introduced by Groover, Stubbs & Company, that pending the argument before Judge Erskine, on the application for the injunction prayed for, the counsel for the Citizens' Bank stated in argument that the most that the court could do would be to compel a transfer of the Neal *fi. fa.* by the bank, on tender of the amount due thereon, without prejudice to the payment of the bank's mortgage debt; that the bank would not complain of an order which would give it the money due on the *fi. fa.* and at the same time protect the bank's mortgage. The judge then asked if such an order could not be made by *con-*

*sent,* and expressed a wish that the case could take some such direction, the judge retiring to his private room for a short time; the counsel for the bank drew up an order he was willing the court should pass, which was read to the judge when he returned, who inquired if it was drawn up agreeable to both sides? Mr. Mynatt, (one of the counsel in the case,) replied that the complainants did not agree or consent to the order or to anything, but that if the court thought proper to make it its judgment, he would not make any further argument. The witness further stated that the *fi. fa.* "was levied upon our hotel property, and had us in a close place, where we were willing to submit to the best terms that the court would give us."

The order of the judge, after stating the names of the parties, was, in substance, as follows: "Ordered that the injunction be granted as prayed for, on condition that the complainants tender to the defendant, the Citizens' Bank of Georgia, the amount of the judgment within ten days, which tender the defendant shall be at liberty to accept or refuse. If defendant refuses, this injunction shall be absolute until further order, and if it accepts, it shall signify such acceptance by entering the fact on said *fi. fa.,* and assigning said *fi. fa.* and judgment to the complainants, but with no right or power in the latter, to enforce said judgment and *fi. fa.* against the property covered by the mortgage given on the 30th of December, 1873, to the Citizens' Bank of Georgia, by M. B. DeVaughn, until after the debt secured by said mortgage shall have been fully satisfied."

The sheriff stated in his answer to the rule, that at the time this order was granted on the plaintiffs' injunction bill, that Groover, Stubbs & Company were not parties thereto, not present themselves, and were without any notice thereof. There is no evidence in the record before us which controverts this part of the sheriff's answer. The bank was willing to make the transfer of the *fi. fa.* to the complainants, and they accepted the same on the terms and conditions, as stated in the assignment thereof, which was made on the 15th of June,

1875, as appears from the evidence in the record. DeVaughn testified that the property covered by the mortgage to the Citizens' Bank was, at the date of the mortgage in 1873, worth $8,-000 00 or $9,000 00; worth now $7,000 00 or $8,000 00. The hotel property in Jonesboro was worth, on the 5th of June, 1875, $15,000 00 or $16,000 00. Mr. Hoge also testified that as the attorney for the plaintiffs, he made a contract with Turner for one-half interest in the Neal *fi. fa.*, who gave his note therefor, and thus became entitled to one-half interest in it. There was no agreement between Turner and witness about releasing the hotel property in Jonesboro from the lien of the *fi. fa.*, though it was witness' intention not to allow said *fi. fa.* to be levied on that property. Witness does not recollect that he told Turner the *fi. fa.* should not be levied on the hotel property, but it was his intention that it should not be levied. Witness agreed with Turner, on the faith of his purchase, not to claim on the *fi. fa.* the proceeds of the sale of certain property sold by Turner under younger *fi. fas.* held by him. There was some property of DeVaughn, in the town of Jonesboro, levied on and sold under junior *fi. fas.* in favor of Turner, and witness notified the sheriff that plaintiffs claimed the fund arising from the sale on the Neal *fi. fa.*; that fund is still in the sheriff's hands; made no agreement with Turner not to bid for said property, but has not put in the *fi. fa.* to claim the money; did not attend the sale to make the property bring its value, but left that to Turner. The property levied on by Turner's junior *fi. fas.*, was the tan-yard and other realty, perhaps, the livery stable lot, the Key house, and the store-house used as a restaurant and confectionery store.

The court charged the jury as follows:

"Williams, Birnie & Company bring a rule against the sheriff to show cause why he should not pay over money in his hands raised by the sale of the property of DeVaughn, to the *fi. fa.* owned and controlled by them, issued from the United States district court, for the northern district of Georgia, in favor of Thomas B. Neal *vs.* DeVaughn. The sheriff has answered. Groover, Stubbs & Company, other creditors of De-

Vaughn, also claim the money. They claim it on a mortgage *fi. fa.* The Neal *fi. fa.* is issued on a common law judgment. Williams, Birnie & Company allege that the Neal judgment is older than Groover, Stubbs & Company's mortgage, and had a lien on the land at the time the mortgage was given. When one man has a judgment against another, that judgment binds all the property of the defendant, real and personal from the date of its rendition till it is satisfied.

" The issue before you arises in this way : Groover, Stubbs & Company come in and say that Williams, Birnie & Company's *fi. fa.* has no lien on the fund in the sheriff's hands. They claim that this *fi. fa.* is extinct or satisfied for the reason, as they allege, that certain property subject to that *fi. fa.* has been released by Williams, Birnie & Company. This allegation is denied, and this is the issue : Whether Williams, Birnie & Company's *fi. fa.* may participate in the fund and to what extent; whether to the extent of the whole execution or not. If the plaintiff in execution, for a valuable consideration, releases property which is subject thereto, it is a satisfaction of such execution to the extent of the value of the property so released, so far as purchasers and creditors are concerned. The burden of proof is on Groover, Stubbs & Company to show, in this case, the release of property subject to be levied on and sold for the satisfaction of the Neal *fi. fa.* If Groover, Stubbs & Company have shown it, and there has been such a release that the lien has been entirely taken away and discharged so that the property could not at any time be levied on, then you will find the issue in favor of Groover, Stubbs & Company, to the extent of the value of the property so released. Groover, Stubbs & Company claim that the property covered by the mortgage to the Citizens' Bank, has been released, and also certain property in Jonesboro. These are allegations, merely, not evidence, and must be sustained by proof, and the burden is on Groover, Stubbs & Company to show what property was released and the value of that property. You are to ascertain what property was released, if any, and its value; and if the release was made, whether for a

valuable consideration, for this is required. A consideration is valid, if any benefit accrues to one party to the contract, or injury to the other. If there was such a release, then the execution would be satisfied, its lien extinguished as to creditors, and it could nòt claim the money in the hands of the sheriff. If there was no release or agreement, or no valuable consideration to Williams, Birnie & Company, then you should find for them.

"Williams, Birnie & Company, holding a general judgment against DeVaughn, had the right to make their money out of any property subject to it; to levy on any such property, whether in the hands of purchasers or covered with mortgages, and to sell the same. If you believe property has been released and to extent of the *fi. fa.*, and for a valuable consideration, the form of your verdict will be: 'We, the jury, find the issue in favor of Groover, Stubbs & Company.' And if you find that no property has been released, then the form of your verdict will be: 'We, the jury, find the issue in favor of Williams, Birnie & Company.'"

1, 2. The 3658th and 3659th sections of the Code declare that "If the plaintiff in execution, for a valuable consideration, releases property which is subject thereto, it is a satisfaction of such execution to the extent of the value of the property so released, so far as purchasers and creditors are concerned. If an execution creditor, having an older lien on a fund in the hands of the sheriff or other officer, allows such fund, by his consent, to be applied to a younger *fi. fa.*, it shall be considered an extinguishment, *pro tanto*, of such creditor's lien, so far as third persons may be concerned." Whether a court of equity will compel an older judgment creditor, when there are junior mortgages upon distinct parcels of the debtor's property, who is insolvent, on a proper case being made, to resort, in the first instance, for the satisfaction of his judgment, to the property last encumbered by the debtor in the inverse order of the dates thereof, or that all the property encumbered should contribute *pro rata* to the payment of the oldest judgment lien, it is not necessary to decide, in the view

which we have taken of this case, and as there are but two judges presiding, we do not decide it. The general rule is, as was held by this court in *Barden vs. Brady et al.*, 37 *Georgia Reports*, 660, that where a defendant has sold all his property, a plaintiff in execution may levy on any of such property subject to the lien of his judgment at his option, without regard to the order in which the defendant sold the different portions. And the same general rule is applicable to the mortgages of the defendant's property subject to the prior lien of the plaintiffs' judgment.

The question which was made on the trial of the issue in the case now before us was, whether the plaintiffs, Williams, Birnie & Company, the assignees of the Neal *fi. fa.*, had released any of the defendant's property for a valuable consideration, or had allowed funds arising from the sale of the defendant's property, with their consent, to be applied to younger *fi. fas.* against him, and to what extent? These questions were fairly submitted to the jury, under the charge of the court, and there is sufficient evidence in the record to support the verdict. It was insisted on the argument for the plaintiffs in error that they were entitled to be subrogated to all the rights of the Citizens' Bank, their assignor of the Neal *fi. fa.* Concede that to be so, and the question arises what were the rights of the Citizens' Bank as the holders of the Neal *fi. fa.*? Assuming that the bank purchased it to protect its mortgaged property, in what manner could it legally have done so? The only legal mode by which it could have protected its mortgaged property, would have been to have levied the *fi. fa.* on other property subject thereto, and had it satisfied, and not levied it on its own mortgaged property, and if the plaintiffs, Williams, Birnie & Company, had taken the assignment from the Citizens' Bank, of the *fi. fa.*, just as the bank held it under the assignment from Neal to it, then they would have acquired all the legal rights to collect it out of any property of the defendant which the bank had, under its assignment from Neal. But the present plaintiffs did not hold the *fi. fa.* as the bank held it; they voluntarily became

the assignees of the *fi. fa.* with a condition annexed thereto, that they would not enforce it against the defendant's property on which the bank held a mortgage, thereby, practically releasing that portion of the defendant's property from the lien of that judgment; in other words, the plaintiffs, by the terms on which they voluntarily agreed to accept the assignment of the *fi. fa.* from the bank, put it out of their power to assign it to Groover, Stubbs & Company with the same legal right to collect it out of any and all the property of the defendant, subject to its lien which the bank had, on payment of the amount due thereon by them. The Citizens' Bank had no legal right, under the provisions of the Code before cited, to release any portion of the defendant's property from the lien of the Neal judgment which it held, not even its own mortgaged property, so far as Groover, Stubbs & Company and the other mortgage creditors of the defendant, DeVaughn, were concerned; and the bank not having any such right, it conveyed none by its assignment of the *fi. fa.* to Williams, Birnie & Company, inasmuch as it could not convey to its assignees any other or greater legal right to use and collect the *fi. fa.* than it had at the time of the assignment thereof. The benefit which resulted to the plaintiffs by the assignment of the Neal *fi. fa.* by the bank to them, was to enable them to protect their own mortgaged property from sale under it, which appears to have been done, and it was a question for them to decide whether they would accept the assignment of the *fi. fa.* on the terms offered by the bank for that purpose or not. There is nothing in the order of Judge Erskine which would have required the plaintiffs, Williams, Birnie & Company, to have accepted the transfer of the *fi. fa.* from the Citizens' Bank, on the terms and conditions stated in the assignment, and if they voluntary agreed to accept the assignment of the *fi. fa.* in consideration that the bank would transfer it to them upon the terms therein stated, and thus relieve their own mortgaged property from sale, then they are bound by it, as well as by the legal effect thereof, so far as the rights

of Groover, Stubbs & Company and other mortgage creditors of the defendant, DeVaughn, are concerned.

3. There was no error in the refusal of the court to rule out, as evidence, the exemplification of the record of the United States circuit court, hereinbefore referred to, in the case of Williams, Birnie & Company against DeVaughn and the Citizens' Bank of Georgia. That exemplification tended to show a proposition for the transfer of the Neal *fi. fa.* to the plaintiffs by the bank, as well as the inducement and consideration for which the release of the defendant's property, mortgaged to the bank, was agreed to be made as stated in the assignment of the *fi. fa.*

4. The main issue submitted to the jury by the pleadings was, whether the plaintiffs had released, for a valuable consideration, property of the defendant from the lien of their judgment, or allowed funds arising from the sale of the defendant's property to be applied to junior *fi. fas.* with their consent, and to what extent. The jury found, under the evidence and charge of the court, "that property enough had been released by Williams, Birnie & Company to satisfy the *fi. fa* in full." Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided, unless from necessity: Code, section 3561. In view of the main issue tried, as made by the pleadings, the verdict of the jury, by receiving a reasonable intendment and construction, may be easily understood, and the appropriate legal judgment be rendered thereon by the court. There was no error in overruling the plaintiffs' motion for a new trial on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.