TOLERTON & STETSON CO. v. PETRIE *et al.*

1. Defendant levied an execution on goods more than sufficient to satisfy his judgment, and plaintiff, as a creditor of the same debtor, attached the goods in defendant's hands. Subsequently third parties brought suit in

claim and delivery, and took a part of the goods from defendant, and in a compromise with them he released his lien on the goods taken. *Held* that, though the levy was not *per se* a satisfaction of defendant's judgment, yet, the goods having been taken by him from the possession of the debtor, who was, therefore, the presumptive owner, defendant had no right to release them to others as against plaintiff, who had a valid lien, and hence defendant was chargeable to plaintiff for the value of the goods taken.

2. The defendant, in releasing the goods, assumed liability therefor at the time they were taken and it was error for the court to exclude evidence of their value at that time, and to find their value at the time of the compromise.

3. Defendant levied on goods more than sufficient to satisfy his judgment, and plaintiff subsequently acquired a second lien on the same by attachment. A claimant brought action in claim and delivery, and took a part of such goods, and defendant entered into a settlement with the claimant, whereby defendant released his lien. *Held* that, though claimant's action was not dismissed, the settlement having virtually transferred to him defendant's rights under the execution, plaintiff need not attempt to proceed with such action, but was entitled to have defendant charged with the value of the goods taken.

4. Where defendant levied on property under execution, and plaintiff acquired a subsequent lien on the same property by attachment, and defendant protected himself, and incidentally the plaintiff, by defending an action brought by third parties claiming the property; it was not error, in settlement between the parties, to allow the defendant a reasonable amount for attorney's fees incurred in such defense.

HANEY, J., dissenting.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Bill by the Tolerton & Stetson Company against John R. Petrie and others. From a judgment for defendants, plaintiff appeals. Reversed.

*D. C. Shull* and *R. B. Tripp*, for appellant.

An officer and a prior execution creditor cannot step aside from their writ by virtue of which they have levied upon property, and settle claims of third persons upon the property without the knowledge or consent of prior lien holders and be chargable only with the amount they may receive in the settlements or merely with the value of the property at that time. Griswold v. Sundback, 4 S. D. 441. A levy of execution on sufficient personal property to satisfy a judgment is *prima facie* a satisfaction as against third persons, and a levy on an insufficient amount is a satisfaction *pro tanto* as of the time of the levy. 11 Am. & Eng. Enc. of Law, 712. Banta v. McClennan, 14 N. J. Eq. 120; Wood v. Torrey, 6 Wend. 562; People v. Onondaga, 19 Wend. 79; Voorhees v. Gros, 3 How. Pr. 262; Pease v. Tilt, 9 Daly 229: People v. Chisholm, 8 Cal. 29; Morley v. Dickinson, 12 Cal. 561; Mulford v. Estudillo, 23 Cal. 94; Barber v. Reynolds, 44 Cal. 534; Williams v. Brown, 57 Ga. 304; Rawson v, Gregory, 59 Ga. 733; Planter's Bank v. Black, 19. Miss 43; State v. Six, 80 Mo. 61; Priest v. Watson, 75 Mo. 310; Ford v. Commissioners, 7 Ohio 435; Bank v. Fordyce, 9 Pa. St. 275; City v. Willey, 35 Ia. 323; Finley v. King, 1 Head 123; Woodward v. Walton, 7 Heisk. 50; Young v. Read, 3 Yerg. 297; Bowvell v. Zigler, 19 Ohio, 366; Utica Ins. Co. v. Power, 3 Page 365.

Whenever there appears to be a levy, there at once attaches a presumption of satisfaction against the officer and the person for whom the levy was made to the extent of the value of the property taken; and if either of them for a consideration releases the property levied on, the original presumptive satisfaction becomes absolutely fixed. McGough v. Wellington,

6 Allen 507; Terry v. Metoovier, 62 N. W. 164; Knower v. Barnard, 5 Hill 377; Everett v. 'Buchanan, 2 Dak. 249; Greenawalt v. Wilson, 34 Pac. 403; Sweetser v. Matson, 153 Ill, 568, 38 N. E. 1086.

The expenses of litigation and allowances for services of attorneys, while the right to the property levied upon was being litigated, were not properly allowable to the defendant. § 5125 Comp. Laws; Curtis v. Patterson, 8 Cow. 65; Freeman Ex. § 277; Graves v. Moore, 58 Cal. 435; Crofut v, Brandt, 58 N. Y. 106, 13 Abb. (N. S.) 134; Bower v. Rankin, 61 Cal. 108; Geil v. Stevens, 48 Cal. 590; King v. Shepherd, 26 N. W. 82; Fletcher v. Kalkaska, 45 N. W. 641; Peck v. City Bank, 16 N. W. 681; Buch v. Webb, 32 Mich. 173; Wales v. Shelley, 30 Fed. 747; Jandt v. South, 2 Dak. 46 Murf. Sheriff's, sec. 1079; 1 Dill. Mun. Corp. § 230.

*French & Orvis,* for respondents.

A. levy of an execution on sufficient personal property to satisfy a judgment is *prima facie* satisfaction, but only *prima facie.* It may be shown that it was in fact no satisfaction. *In re* Samuel King, 21 Am. Dec. 335;.Banks v. Evans, 48 Am. Dec. 734; Traphall v. Richardson, 58 Am. Dec. 338.

CORSON, J.   This is an action in equity on the part of the plaintiff, who was an attaching creditor of Lavender & Spannagel, to restrain the defendants French & Orvis from paying over to one T. O. Bogert, who was a judgment creditor of said firm of Lavender & Spannagel, certain moneys that have come into their hands in settlement for a part of the property levied on by said Bogert as a judgment creditor of said firm, and also to obtain a decree adjudging that a portion of said fund in the hands of said French & Orvis be applied to the plaintiff's judg-

ment obtained against the said firm. Findings and judgment were in favor of the defendants, and the plaintiff appeals.

The facts disclosed in the findings of fact may be briefly stated as follows: That in August, 1890, the defendant T. O. Bogert recovered judgment in the circuit court of Bon Homme county against Lavender & Spannagel for the sum of $14,000; that on the 12th of the same month execution was issued on the said judgment, and on the same day the sheriff levied upon the personal property of said Lavender & Spannagel, which was then of the value of $16,000; that while the sheriff, Petrie, defendant herein, was so in possession, and holding said property under said execution, the plaintiff and appellant herein, a corporation, commenced an action in the circuit court of said county to recover the sum of $877.49, and that in said action a warrant of attachment was issued and levied upon all the property taken from said Lavender & Spannagel then in the possession of said Petrie under the said execution; that subsequent to the levy of the said execution and said warrant of attachment, Conyne, Stone & Co., commenced an action in claim and delivery against the said Petrie, and took from him a portion of said goods so levied upon under the execution and the warrant of attachment; that at about the same time L. A. Shackman & Co., in a similar action, took from the sheriff a portion of the goods that had been so levied upon by him, and that at about the same time, Tootle, Hosea & Co., in a similar action, also took from the possession of the said sheriff a portion of the property so levied upon by him, and that all the property so taken in said three claim and delivery actions was, in August, 1890, by the plaintiffs in said actions, taken from this state, without any participation on the part of said Bogert

in said removal, and that no part thereof has ever been returned; that thereafter the said sheriff sold the remaining property left in his possession so levied upon as aforesaid, and realized thereon, and paid to said Bogert, on the 11th day of October, 1890, $10,489.83, on his said judgment and execution; that thereafter, and during the month of December, 1890, the action in claim and delivery brought by said Shackman & Co., was tried in the circuit court of Bon Homme county, and resulted in a disagreement of the jury; that the defendant Bogert employed and paid counsel to defend said actions, and the value of the legal services so paid and the court expenses was $750; that on or about September 1, 1891, an oral agreement was made between said Bogert and said Shackman & Co., to the effect that Bogert would release his lien upon the goods taken by said Shackman & Co., upon consideration of said Shackman & Co., allowing to said Bogert a discount of 10 per cent on $10,000 worth of goods to be thereafter purchased by said Bogert, and that said Bogert received as such discount the sum of $900; that at or about the same time he made an agreement with said Conyne, Stone & Co., to the effect that said action against the sheriff should be settled and dismissed upon their paying to said Bogert 50 per cent of the invoice value of the goods so taken by them; that defendant Bogert was not authorized by Tolerton & Stetson Company, appellant herein, to compromise and settle the actions brought by Shackman & Co. and Conyne, Stone & Co., and the agreements in reference to compromising said actions were entered into without the knowledge and consent of this appellant; that the reasonable value of the goods taken by Conyne, Stone & Co. at the time of said settlement was $500.50; that the action

brought by Tootle, Hosea & Co. against the sheriff was tried in the month of December, 1891, resulting in a verdict in favor of the sheriff finding that the value of the goods so taken was $2,690.82, and subsequently, on appeal, said judgment was affirmed by the supreme court of this state (8 S. D. 19;) that in December, 1890, this appellant recovered judgment in its attachment suit against said Lavender & Spannagel for the sum of $1,002.69, and that no part of said judgment has ever been paid; that Tootle, Hosea & Co. paid to French & Orvis the sum of $3,890.17 in full satisfaction of the judgment against them; and that said Bogert claims all of said money should be paid to him, to apply upon his judgment against Lavender & Spannagel. The court concluded as matter of law: (1) That the lien of Bogert under his judgment and execution was prior to the lien of this appellant; (2) that there should be added to $14,284.64, the amount of his judgment against Lavender & Spannagel, certain interest specified, and that there should be deducted from such amount the sum of $1,462.26, the amount received by said Bogert from Shackman & Co. and Conyne, Stone & Co. under said compromise agreements; and that there should be added to the said Bogert judgment the expense of $750 attorneys' fees, etc., in addition to the sheriff's fees; and that the appellant is not entitled to any part of the money in the hands of French & Orvis received from Tootle, Hosea & Co. at the time of the commencement of this action; and that the defendants are entitled to judgment dissolving the injunction, dismissing the action, and for costs. The questions presented, therefore, are: Should the court have charged against Bogert the value of the goods taken by Shackman & Co. and Conyne, Stone & Co. at the time the goods were so taken? and

was the court correct in allowing to Bogert the expenses of the litigation, amounting to $750?

The appellant contends that the conclusions of the court were erroneous in so far as the amount charged against said Bogert was limited to the amount received by him under his agreements with Shackman & Co. and Conyne, Stone & Co., and claims that he should have been charged with the total value of the goods so taken in the actions of Shackman & Co., and Conyne, Stone & Co., and further contends that the conclusions of the court were erroneous in allowing to Bogert the expenses of the litigation. The appellant further insists that, when the sheriff had levied upon property under the Bogert judgment, and execution sufficient to pay that judgment, his judgment was, in effect, satisfied; and if he thereafter made any arrangements with Shackman & Co. and Conyne, Stone & Co., by which he released to them a portion of the property without the consent of the appellant who had a valid lien upon the property next in order. Bogert's release of the property to Shackman & Co. and Conyne, Stone & Co. should not affect the appellant. It is contended on the part of the sheriff, in support of the conclusions of law of the learned court below, that, inasmuch as a portion of the property levied on under the Bogert execution was taken in claim and delivery by Shackman & Co. and Conyne, Stone & Co., and taken out of the state, he was authorized to make the best terms possible with them, and that he therefore should only be charged with the amounts received by him in those settlements; and that the money expended by him in the litigation was not only for the benefit of himself, but for the benefit of the appellant, and that he was properly allowed by the court the sums so expended.

The appellant invokes and relies upon the familiar rule that the levying of an execution upon personal property sufficient to satisfy the judgment operates as a satisfaction in favor of third persons who may be interested in having the execution satisfied, even though there is no satisfation in favor of the defendant. The rule is thus stated in 11 Am. & Eng. Enc. Law (2d Ed.) 703: "It is well settled that the levy of an execution upon personal property sufficient to satisfy the same operates *prima facie* as a satisfaction, so as to bar further executions or levies, or an action of *scire facius* on the judgment; and the burden of proof is upon the plaintiff or any other person who asserts that for any reason it does not constitute a satisfaction." The same author, on page 712, says: "Of course, the levy of an execution on sufficient property to satisfy the same operates as a satisfaction in favor of third persons who may be interested in having the execution satisfied, whenever it operates as a satisfaction in favor of the defendant. And, even when the circumstances are such that there is no satisfaction in favor of the defendant, there may be a satisfaction in favor of third persons." See authorities cited. Mr. Freeman, in a note to Trapnall v. Richardson, 58 Am. Dec. 338, says: "The effect of a levy upon personal property of the judgment debtor sufficient in value to satisfy the execution has been considered by many judges as *per se* an extinguishment of the judgment, and therefore a satisfaction of the execution;" citing a large number of authorities. But to this rule the learned annotator says there are many exceptions, and proceeds to say: "For this reason it can hardly be considered accurate to state that such a levy is *per se* an extinguishment of the judgment. It is to be considered no more than

a *prima facie* satisfaction, or satisfaction. *sub modo*, which is liable to be rebutted by the plaintiff by various evidence showing that through no fault of himself or the sheriff the levy failed to furnish a satisfaction of the judgment and execution. This better rule is sustained not only by reason, but by the weight and majority of authority in several states; later decisions having adopted this rule to the prejudice of the former rule which had been maintained in the earlier cases,"— citing a large number of authorities. Without attempting to review the great number of decisions that have been made upon this subject, we are inclined to take the view that such levy only operates *prima facie* as a satisfaction of the execution and judgment. Have the defendants, therefore in this case, shown facts sufficient to relieve them from the *prima facie* case made by the appellant? It will be noticed that by the finding of the court the execution was levied upon personal property in the possession of Lavender & Spannagel sufficient to satisfy the execution and judgment, and that ordinarily there would have been a balance left to satisfy the judgment and attach ment of the appellant. The possession of personal property is *prima facie* evidence of title good against everybody but the rightful owner. Magee v. Scott, 9 Cush. 148. Presumptively therefore. Lavender & Spannagel were the owners of the property levied upon by the sheriff under the Bogert judgment and upon the attachment of the appellant. Bogert was not, therefore, authorized to release any of the property taken by Shackman & Co. and Conyne, Stone & Co., as against the plaintiff in this action, without his consent; and in making the agreements found by the court he, in legal effect, assumed liability to the appellant for the full value of the property at the time it was

taken.  He cannot be heard, therefore, to say in this proceeding that he accepted from these parties a sum less than the value of the goods so taken, as against this appellant.  It is possible that he might have declined to contest those actions, and had he so declined, he may not have been bound to account for the value of the property so taken to the appellant.  But, having assumed to contest those suits, and subsequently agreed to a compromise without the consent of the appellant, he must be held as legally bound to account to it for the full value of the property so released.  One levying upon personal property upon which subsequent liens are acquired can make no contract for releasing the property without the consent of the subsequent lienholders.  In Chisolm v. Chittenden, 45 Ga. 213, the supreme court of Georgia states the rule as follows:  "A levy of a mortgage *fi. fa.* on personal property more than sufficient to pay it off is *prima facie* a satisfaction.  The fact that a large portion of such property was applied by the plaintiff and defendant in *fi. fa.* by way of compromise of claims of other creditors of defendant will not affect the right of contesting creditors or claimants to have the *fi. fa.* credited, so far as their rights are concerned, with the value of all the property levied upon."

The value of the goods taken by Shackman & Co. and by Conyne, Stone & Co. was found by the court at the date the settlement was made, and not at the time the goods were taken from the possession of the sheriff.  The appellant contends that it should have been allowed to prove the value of the goods at the time they were so taken, and that their value at that time should have been found by the court, and appellant allowed that value.  On the trial the appellant offered to prove

the value of the property at the time it was so taken, but the trial court on objection made, excluded this evidence, and limited the appellant to evidence of their value at the time the settlement was made.   In excluding this evidence the court was clearly in error.   Bogert, in making the settlement and releasing the goods, must be held to have assumed a liability for the value of the goods at the time they were taken.   This seems to be the view taken by courts passing upon this question.   In Williams v. Brown, 57 Ga. 304, the release of the property was held to be a satisfaction to the extent of the value of the property released at the time of the levy, so far as purchasers and creditors were concerned.   See note to Trapnall v. Richardsor, *supra*; 11 Am. & Eng. Enc. Law (2d Ed.) 713.   This seems to us to be the correct rule.

It is further claimed by respondents that Bogert should not be held for the value of the goods taken in the Shackman & Co. case, for the reason that the court finds that the action has never been dismissed, and is still pending.   This contention is untenable for the reason that the settlement was, in effect, a transfer to Shackman & Co. of Bogert's rights under his execution; in other words. Shackman & Co. would, in equity at least, be entitled to be subrogated in place of Bogert.   Such being the case, it would be difficult, we apprehend, for the appellant to prosecute that action with any hope of success.   The fact that such action has not been dismissed or otherwise terminated does not, in our opinion, affect the rights of the appellant in this action

The second question is one of more difficulty.   It is claimed by appellant that the authorities are uniform in holding that the court should not allow attorneys' fees under the circum-

stances presented by this case. The appellant contends that the sheriff is only authorized to take or collect such fees as are permitted by statute, and that the statutes of this state nowhere authorize the sheriff to charge or collect attorneys' fees in defending actions brought to recover property. This undoubtedly is true as applicable to the sheriff, but the rule has no application to this case, where the expenditure was made by the prior execution creditor. Bogert, in order to protect himself, and incidentally to protect subsequent lienholders, was compelled to employ attorneys in the actions brought to recover portions of the property. It would be manifestly inequitable, therefore, to require him to bear all of these expenses for the benefit of subsequent lienholders. We are of opinion that, in view of the nature of this action, the court very properly allowed Bogert credit for the amount so paid by him, it having been found by the court that the amount was the reasonable value of the services of the attorneys employed. This being an equitable action, the court very properly took into consideration the equities between the parties; and if Bogert is charged, as we hold he should be, with the full value of the property released, without regard to the amount received by him in his settlement for the same, it is certainly equitable and just that he should be credited with the amount paid by him in good faith in attempting to preserve the property. The judgment of the court below is reversed and a new trial granted.

HANLY, J. dissents.