McWILLIAMS *vs.* WALTHALL *et al.*, executors.

1. Where a motion was made to set aside a verdict, and a bill filed by the movant which covered all the issues made by the motion and sought the same object, there was no error in refusing to separate the cases and try the motion first. When a court of equity takes possession of a case, it will retain possession for the purpose of making a final decree upon the issues raised by both the bill and answer in the nature of a cross-bill.

2. Suit was brought in 1866 on a promissory note for the purchase money of land, to which defendant filed a plea under the relief act of 1868, and a verdict was rendered "for the plaintiff the return of the land," but it does not appear when it was rendered. A judgment was entered on this verdict in 1870 to the effect that plaintiff recover of defendant certain described land, which the latter had bought from him:

.*Held*, that the verdict and judgment are not void for uncertainty.

3. Parol evidence is admissible to show what testimony was submitted without objection to the jury on the trial of a case, the validity and propriety of the verdict in which, as applicable to the pleadings, is in issue.

4. There was no error in this case which would authorize the grant of a new trial.

Equity. Practice in the Superior Court. Verdict. Judgment. Evidence. New trial. Before Judge UNDERWOOD. Coweta Superior Court. September Term, 1879.

To the report contained in the decision, it is only necessary to add that the following were among the grounds of the motion for new trial:

(1). Because the court erred in refusing to take up for trial the motion on the common law side of the court to set aside the verdict and judgment, before hearing the equity case, which embraced the questions made in the motion.

(2). Because, after the amendment of the bill, the court declined to suspend the equity case and take up the motion and hear it first. [After the first refusal of the court. to separate the issues, complainant moved to amend his bill by striking out that part which enjoined his motion to vacate; the amendment was allowed without prejudice to defendants, they having answered in the nature of a cross-bill. The case having begun, complainant moved, to suspend it and take up the motion to set aside first.. This was refused.]

(3). Because the court erred in allowing defendants'' counsel to prove by oral evidence what issues had been submitted to the court and jury on the trial of the suit on the note. [Two witnesses testified that on such trial the issue was distinctly made and submitted to the jury without objection as to the return of the land or render-- ing a money verdict.]

(4). Because the verdict returned by the jury upon the common law trial is void for want of certainty.

(5). Because the verdict was contrary to law and evi-- dence.

J. W. POWELL; W. A. TURNER; ROBERT S. BURCH,.  for plaintiff in error.

· JNO. S. BIGBY; J. B. S. DAVIS, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the de-- fendants with a prayer for relief and injunction on the allegations contained therein. John H. Walthall, the or-- iginal defendant, having died, his executors answered the

bill and prayed for relief in the nature of a cross-bill. On the trial of the case the jury found a verdict in favor of the defendants for the land in dispute, and the sum of $1000.00 for rent. The complainant made a motion for a new trial on various grounds, which was overruled, and the complainant excepted.

It appears from the record that the complainant, on the 28th of December, 1859, gave his note to the defendants' testator for the sum of $2,500.00, due the 25th of December, 1865, with interest from the 1st of January, 1860, for the purchase of the land in controversy. On the 24th of July, 1866, the defendants' testator sued the complainant on the note, to which he filed a plea under the relief act of 1868, in which he alleged, amongst other things, that on the 26th of December, 1863 (before the note became due), he had tendered to defendants' testator Confederate money in payment of said note, which he refused to receive, to his great damage, etc. On the trial of that suit upon the note, the jury found the following verdict: " We the jury find for the plaintiff the return of the land with cost of suit." The defendant in that suit (the complainant here) made a motion for a new trial, which was overruled and the case was brought to this court on a bill of exceptions, and was dismissed, and the judgment of the court below affirmed by operation of law. The verdict is not dated, and it does not appear from the record of that suit before us in what year, or at what term of the court, the verdict was rendered, but it does appear that the judgment thereon, that the plaintiff do recover four hundred acres of land now in possession of defendant, and that a writ of possession do issue therefor, is dated on the 18th of July, 1870. On the 21st of July, 1870, a writ of possession was issued on the judgment commanding the sheriff to dispossess the defendant and put the plaintiff in that suit in possession of the land, which was duly executed by the sheriff. Afterwards McWilliams, the defendant in the common law-suit, accepted a lease of the

land from Walthall, the plaintiff, and went back into the possession of the land as his tenant. At the September term of the court, 1870, the defendant made a motion to set the judgment aside on several grounds, alleging the same to be void. The defendant in the common law-suit then became the complainant in the present bill before the court in which he sought to have the judgment upon which the writ of possession issued declared a nullity, and that he recover back the possession of the land, and that the defendants in the bill be enjoined from enforcing the lease contract against him, etc. The injunction was granted, and upon this state of things the case came on for trial.

1. There was no error in the refusal of the court to split open the complainant's case and try the motion to set aside the judgment separately. When a court of equity takes possession of a case, it will retain the possession of the whole case for the purpose of making a final decree as to the subject matter embraced in the complainant's bill, as well as that in the defendants' answer in the nature of a cross-bill.

2. The main controlling question in this case is, whether the verdict and the judgment thereon in the suit upon the note requiring the defendant therein to return the land to the plaintiff, was void on account of defective pleading, or otherwise. In our judgment it was not. The verdict might have been more formal, but the reasonable intendment thereof was the land for which the note was given, especially in view of the defendant's plea of the relief act of 1868, and the state of things which existed at the time the case was tried.

3. There was no error in allowing the witnesses to testify as to what was proven on the former trial without objection as to the issues then submitted to the jury. 52 Ga., 15.

4. Upon looking through this complicated and confused record, we find no material error in the rulings of the court that would authorize the granting of a new trial in this

case. The complainant has been in possession of the land for twenty years, and all that he has ever paid for it as shown by the record, is fifteen dollars in Confederate money.

· Let the judgment of the court below be affirmed.