### Blalock v. Waldrup *et al.*

84   145
130   354

1. A justice was not disqualified from presiding because his wife was a cousin of the wife of one of the parties to the action. Justice and party were not related in any respect.
2. The verdict being in favor of the defendant for a certain sum, which was the sum sued for by the plaintiff, and this evident mistake being immediately discovered and the attention of the jury called to it, it was proper for them to retire and correct the verdict by making it in favor of the plaintiff.

Simmons, J., not presiding, because of sickness.

December 13, 1889.

Relationship. Disqualification. Before Judge Milner. Bartow superior court. January adjourned term, 1889.

Action by Blalock in a justice's court, on a promissory note. He recovered, and the defendant carried the case to the superior court by *certiorari*, which was sustained, and the plaintiff excepted.

A. W. Fite and A. S. Johnson, for plaintiff.

J. A. Baker, for defendant.

Blandford, Justice.

The question in this case is, whether a justice of the peace is disqualified from presiding in a case where one of the parties to the case married a cousin of the wife of the justice, the party and the justice not being otherwise related. It is insisted on the part of the defendant in error that the justice and the plaintiff in error are related within the fourth degree of affinity, under §205 of the code, although it is admitted that they are not related within any degree of consanguinity.

1. A husband is related by affinity to the blood relations of his wife, and the wife by affinity to the blood relations of her husband, but not otherwise by affinity. Thus, two persons who are not otherwise related may marry two sisters, and these persons would not be related by affinity to each other; as was held by the court

v 84-10

in the case of *Deupree* v. *Deupree*, 45 *Ga.* 414. In the present case the justice was not related in any respect to the party, and hence was competent to preside in the case. The party having married a cousin of the justice's wife was not thereby brought within any of the degrees of consanguinity or affinity. Had the party married the justice's cousin or the justice married the party's cousin, he would have been disqualified. Nothing of that kind was done in this case. The two women, the wife of the party and the wife of the justice, were related by consanguinity, but this did not render either the justice or the party related in any degree whatever, they being merely the husbands of these cousins. The husband of the cousin, who was a party in this case, was related to the wife of the justice by affinity, but not to the justice; and while the justice may have been related by affinity to the wife of the party, he was not related by affinity to the party himself.

The court below sustained the *certiorari* upon the ground that the justice was disqualified from presiding in this case. In this he committed manifest error.

2. Another ground taken in the petition for *certiorari* was that the jury rendered a verdict in favor of the defendant for a certain sum of money, which was the sum claimed by the plaintiff of the defendant, and when that verdict was returned, this mistake was immediately discovered and the attention of the jury called to it, and they retired and corrected it, and instead of rendering a verdict for the defendant, they rendered it as they should have done—for the plaintiff.

*Judgment reversed.*