## DANIEL *v.* JOSEPH ROSENHEIM SHOE COMPANY.

1. Where the remedy at law is adequate, by motion to amend a judgment, resort to equity is not necessary.
2. Where the legal remedy by affidavit of illegality is adequate, injunction is not proper.
3. It was not error to dismiss the petition on general demurrer.

### No. 2583. NOVEMBER 17, 1921.

Equitable petition. Before Judge Harrell. Calhoun superior court. August 13, 1920.

*A. L. Miller,* for plaintiff.

*W. S. Collins* and *E. L. Smith,* for defendant.

GILBERT, J. Harper Daniel filed an equitable petition, returnable to the December term, 1919, of the superior court, which alleged in substance as follows: In an action brought by Joseph Rosenheim Shoe Company against Harper Daniel the jury returned a verdict as follows: " We, the jury, find for the plaintiff, $839.00, June 9th, 1915, B. D. Jones, Foreman," upon which the following judgment was rendered: " Wherefore it is considered, ordered, and adjudged by the court that the plaintiff, Joseph Rosenheim Shoe Company, do have and recover of said defendant, Harper Daniel, the principal sum of $839.00, together with interest on the same from October 1, 1909, at 7% per annum, and the further sum of $———costs. E. E. Cox, J. S. C. S. C." Execution was duly issued by the clerk of the superior court, " which called for the payment of $839.00," which amount the defendant immediately paid to the sheriff of said county, the officer having charge of the fi. fa. for collection, and said officer marked across the face of the fi. fa. the word " satisfied " and delivered the same to the defendant in fi. fa. The defendant in fi. fa. requested the sheriff to deliver the same to the clerk of the superior court with the request that the clerk mark the same satisfied and canceled on the general execution docket. The fi. fa. was " marked satisfied, but the clerk failed to have the same cancelled." Subsequently, in April, 1917, the sheriff levied the same fi. fa. for an additional sum which purported to be interest as stated on the face of the fi. fa., and threatened to advertise and sell the property levied upon, to the damage and injury of the petitioner. At the time petitioner paid the amount of principal due on the judgment the words, " with interest on same from October 1, 1909, at 7% per annum,"

did not appear on the fi. fa. but were written there after the same was paid and delivered to the sheriff to be by him delivered to the clerk of the court for the purpose of having the same canceled upon the records; and petitioner charges that the writing of the interest into the fi. fa. was a fraud upon him, and was so made by the plaintiff in fi. fa. or through its attorneys without the knowledge or consent of petitioner, and was not discovered until June, 1919; that petitioner discovered said fraud only when the sheriff made the levy complained of. Petitioner further contends that he had fully paid the amount of the " verdict " before interest accrued thereon, and that the portion of the judgment in reference to interest is null and void and a fraud on petitioner. The prayers are, that the sheriff and the plaintiff in fi. fa. be enjoined and restrained from advertising or selling or in any way interfering with the property levied on under the said fi. fa. and judgment; that the judgment be vacated and declared void and canceled of record as to that portion of it which provides for interest from October 1, 1909, at the rate of 7% per annum, to be paid; and that the said judgment be declared satisfied as to the amount of the principal. The defendant demurred to the petition, on several grounds, it being necessary to mention only the following: (*a*) The petition sets forth no cause of action. (*b*) The judgment sought to be set aside was rendered more than three years prior to the filing of plaintiff's petition. (*c*) The plaintiff has an adequate remedy at law by affidavit of illegality. 

1. If the plaintiff is not barred of a right to have the judgment so amended as to make it conform to the verdict in the case, under the provisions of the Civil Code, § 4358, relating to motions to set aside judgments, nevertheless his remedy at law for this purpose would be complete, and a resort to equity is not necessary.

2. In so far as the petition complains of the action in regard to amending the fi. fa. by or through the attorneys of the plaintiff in fi. fa., the petitioner has an adequate remedy at law by affidavit of illegality; and therefore injunction is not the proper remedy. *Monroe* v. *Security Mutual Life Insurance Co.,* 127 *Ga.* 549 (56 S. E. 764); *Park* v. *Callaway,* 128 *Ga.* 119 (57 S. E. 229); *Williams* v. *Kennedy,* 134 *Ga.* 339, 341 (67 S. E. 821); *Smith* v. *Murphey,* 140 *Ga.* 80 (78 S. E. 423).

5. It follows from the above rulings that the court did not

err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*