### SHORT et al. v. COFER, trustee, etc.

RUSSELL, C. J.  1.  The verdict in this case is not too vague and uncertain to be enforced.  Verdicts are to be given a reasonable intendment, and are not to be avoided unless from necessity.  Civil Code (1910), § 5927.  Verdicts are to be construed in the light of the pleadings and the evidence, and all that is essential to a valid verdict is substantial certainty to a common and reasonable intent.  It appearing from the pleadings and evidence in the record in this case that the validity of two deeds was involved, both relating to a single transaction, the court did not err in construing the finding of the jury finding "the deed" invalid as a reference to both deeds involved in the common issue.  See *Southern Ry. Co.* v. *Oliver*, 1 *Ga. App.* 734 (58 S. E. 244), and cit.

2.  Viewed in connection with the charge as a whole, the excerpts from the instructions of the court to which exceptions are taken present no ground for reversal.  Each of the excerpts complained of correctly sets forth principles of law applicable to the case; and if fuller instructions were desired, they should have been requested.  An exception to the effect that a charge is confusing and misleading is insufficient to reach the point that the court should have added to a correct, plain, and unambiguous instruction a statement of an additional proposition which would have directed the attention of the jury to some special feature of the case, and which might have been advantageous to the complaining party.

3.  The instruction of which complaint is made in the sixth ground of the amendment to the motion for a new trial, even if it be subject to the criticism that it tended to impress the jury that both the deeds involved in the case were either void or valid, was not harmful to the plaintiffs in error, because the evidence is undisputed that both deeds were included in the same transaction and involved the same parties, and therefore the two papers must necessarily alike stand or fall together.

4.  Though the evidence in favor of the plaintiff in the lower court is weak, it is sufficient to support the finding of the jury, which has the approval of the trial judge; and it can not be said that he abused his discretion in overruling the motion for a new trial.

*Judgment affirmed.  All the Justices concur, except Atkinson, J., dissenting.*

*Norman & Norman,* for plaintiffs in error.  *B. W. Fortson,* contra.

