## 30526.   SANDERS *v.* CHANDLER.

DECIDED JUNE 28, 1944.

*James R. Venable, Frank T. Grizzard, Frank A. Bowers,* for plaintiff.

*B. Hugh Burgess,* for defendant.

PARKER, J.   This is suit by Mrs. Mary Ellen Sanders against Mrs. A. M. Chandler for damages for the alleged alienation of the affections of A. M. Chandler, the plaintiff's former husband, who is now the husband of the defendant.   The plaintiff alleged that the defendant had won the love and affection of her former husband for herself and away from the plaintiff by making love to him, writing him letters, sending him presents, meeting him often at different places, using pleasant language, compliments, and affectionate and gentle words to him, and by continually seeking his company and going on trips over the country with him; and that the plaintiff was without fault.   The defendant's answer denied generally the material allegations of the plaintiff's petition, and charged that her suit was for the purpose of embarrassing and humiliating the defendant and her husband, and was based on malice on the part of the plaintiff.   The jury found for the defendant.   A motion for new trial upon the usual general grounds was filed by the plaintiff and amended by the addition of thirteen special grounds.   To the overruling of her motion as amended the plaintiff excepted.

■   The answer of the witness which was ruled out, as complained of in ground 4, was properly excluded.   The question was: "Did you talk to him [your husband] about it?"   The witness answered: "At first he hated it."   This was objected to, and the objection was sustained.   The answer went beyond the scope of counsel's question and stated a conclusion which was in the nature of a surmise only and was properly excluded.   *English* v. *Georgia Power Co.,* 66 *Ga. App.* 363 (4) (17 S. E. 2d, 891).

■   Grounds 5, 6, 7, 9, and 13 complain of the admission of evidence, on cross-examination of the plaintiff, along with a bill of sale and a telephone bill, tending to show that she had requested of her former husband an advance of money on the amount being paid by him for the support of their child, and that the plaintiff had borrowed money on the furniture, and had incurred an unusually large telephone bill.   One issue in the case was whether the plaintiff was at fault in separating from her husband, and whether her spending of money beyond their means was a contributing cause of their separation.   We think the evidence objected to and complained of in these grounds was admissible on that issue.   "Evi-

dence is admissible, in an action for alienation of affections or criminal conversation, to show the motives, feelings, emotions, and relations of the parties with respect to the loss of affection or consortium or the desertion of the plaintiff by his or her spouse, and a wide latitude is exercised by the courts in admitting evidence for such purpose, which ordinarily might be subject to the objection against hearsay evidence and self-serving declarations." 27 Am. Jur. 154, § 556.

■ Ground 8 complains of the admission of testimony to the effect that the plaintiff represented to her second husband, whose affections she claimed the defendant had alienated, that she had not lived with her first husband whom she had previously married. This testimony was admissible in rebuttal to evidence of the plaintiff, if for no other reason.

■ Ground 10 complains of the admission of evidence tending to show that the plaintiff had made threats against the husband of the defendant, in connection with the filing of the suit, just prior to its filing or about the time it was filed. This evidence was admissible in view of the contention of the defendant, as set up in her answer, that the plaintiff's action was for the purpose of embarrassing and humiliating her and her husband.

■ Grounds 11 and 12 complain of the admission of testimony that the plaintiff's husband, whose affections the defendant was charged with alienating, gave the plaintiff an automobile when they separated, and kept it up for her; and of the admission in evidence of certain agreements as to alimony made by the plaintiff and her said husband, and an order of court approving said agreements and a decree of divorce between them, and a letter from the husband to the plaintiff relating to the money he advanced to her on the support of their child. "A decree of divorce, separation, or annulment, and the record in the suit are admissible in evidence in an action for alienation of affections or criminal conversation to show the facts of the previous marriage, its dissolution, and the status of the parties thereafter under the decree." 27 Am. Jur. 179, § 578. Letters from the alienated spouse to the plaintiff during the period of alienation have been held admissible in many jurisdictions to show the relations existing between them. See the annotation in 82 A. L. R. 855. Under these authorities the evidence complained of in these grounds was properly admitted.

■ Grounds 14 and 15 allege error in the failure of the court to charge specifically with reference to the advance payment of $300 made by the former husband of the plaintiff for the support of their child, and with respect to the alimony paid to the plaintiff by such husband. Pretermitting all questions as to the correctness of the rules of law the plaintiff contends should have been charged by the court relating to these matters, we think the failure of the plaintiff to request in writing an appropriate charge on these subjects, as provided by the Code, § 81-1101, frees the charge of any error as claimed in these grounds. These matters were at most only collateral issues. In the absence of timely request it is not error to fail to charge the jury upon a collateral issue or theory suggested by particular testimony offered by one of the parties to the cause. *Edge* v. *Calhoun National Bank,* 155 *Ga.* 821 (2) (118 S. E. 359); *Coll Company* v. *Wheeler,* 31 *Ga. App.* 427 (120 S. E. 792).

■ Ground 16 alleges error in the failure of the court to charge the jury as to the form of their verdict if they found that the plaintiff's action was barred by the statute of limitations. "If more than one plea is filed to an action, the court should, upon a timely request from the plaintiff, cause the jury, in case they find for the defendant, to specify upon which one or more of the pleas the verdict is rendered. Such a request is timely if made before the verdict has been recorded and the jury has dispersed." *Crockett* v. *Garrard,* 4 *Ga. App.* 360 (61 S. E. 552). "Ordinarily, where more than one plea is interposed to an action, and the jury returns a general verdict for the defendant, the court should, upon a request made before the verdict is entered and the jury dispersed, have the jury specify upon which plea or pleas the verdict is based, but the court's refusal so to do does not work a reversal unless injury concurs with error." *Tennessee Chemical Co.* v. *Ricks,* 31 *Ga. App.* 37 (4) (119 S. E. 443). There was no request by the plaintiff, timely or otherwise, to have the jury specify on what plea its verdict was rendered, and consequently this ground is without merit.

■ As to the general grounds of the motion for new trial it is sufficient to say that there was evidence supporting the verdict as found by the jury for the defendant. As stated by Judge Russell in *Haines* v. *Chappell,* 1 *Ga. App.* 480, 482 (58 S. E. 220), "This court stands unequivocally committed to the doctrine that the jury

are arbiters of all issues of fact." After verdict that view of the evidence which is most favorable to the prevailing party must be taken, for every presumption and every inference is in favor of the verdict. *Mutual Life Ins. Co.* v. *Barron,* 70 *Ga. App.* 454 (28 S. E. 2d, 334). No error of law appearing, and the verdict being supported by evidence, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*