JACKSON *v.* HOUSTON, Warden.

No. 15304.   JANUARY 8, 1946.   REHEARING DENIED FEBRUARY 21, 1946.

*Lester Dickson,* for plaintiff.

*Eugene Cook,* Attorney-General, *R. A. McGraw,* Assistant Attorney-General, and *J. W. Culpepper,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) ■ A discharge under a writ of habeas corpus, after a conviction, can not be granted unless the judgment is absolutely void. *Aldredge* v. *Williams,* 188 *Ga.* 607 (1) (4 S. E. 2d, 269) ; *Stewart* v. *Sanders,* 199 *Ga.* 497 (1) (34 S. E. 2d, 649). The question presented for determination is whether a valid sentence may be imposed in a criminal case where the verdict does not specifically specify the word "guilty." "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code, § 110-105; *Carter* v. *State,* 8 *Ga. App.* 471 (1, 2) (69 S. E. 588). The presumptions are in favor of the validity of the verdict of a jury, and if possible a construction will be given that will uphold it. *Atlantic & Birmingham Railway Co.* v. *Brown,* 129 *Ga.* 622 (4) (59 S. E. 278) ; *Swain* v.

*Georgia Power & Light Co.,* 46 *Ga. App.* 794 (1) (169 S. E. 249). "Where a verdict may, by a reasonable construction, be understood, and a legal judgment can be entered thereon, it is sufficient." *Williams* v. *Brown,* 57 *Ga.* 304 (4). "All that is essential to a valid verdict is substantial certainty to a common and reasonable intent." *Short* v. *Cofer,* 161 *Ga.* 587 (1) (131 S. E. 362). A verdict is certain which can be made certain by what itself contains or by the record. *Giles* v. *Spinks,* 64 *Ga.* 205, 207 (3); *McWilliams* v. *Walthall,* 65 *Ga.* 109 (2); *Seifert* v. *Holt,* 82 *Ga.* 757 (2) (9 S. E. 843); *Smith* v. *Cooper,* 161 *Ga.* 594 (131 S. E. 478); *Stanfield* v. *Downing Co.,* 186 *Ga.* 568 (199 S. E. 113); *Bentley* v. *Still,* 198 *Ga.* 743 (32 S. E. 2d, 814). "In every verdict there must be a reference to the indictment and the issue to make it have any meaning. The verdict is the response of the jury to the charge and to the issue formed upon it." *Arnold* v. *State,* 51 *Ga.* 144, 145.

While the question here presented has not been passed upon by either of the courts of review of this State, it is clear from the foregoing rules of construction that the verdict is valid, and is sufficient to predicate a legal sentence. The indictment in question was for murder by shooting with a pistol, and included the offense of voluntary manslaughter and the two grades of involuntary manslaughter. The punishment for either kind of manslaughter would have to be fixed in terms of years, and from the failure of the verdict to make any reference thereto, it is manifest that neither grade of manslaughter was intended. Therefore the indictment, plea of not guilty, and verdict must be considered solely in its relation to murder. So approaching the question, there could have been but three verdicts, to wit, not guilty, guilty, and guilty with a recommendation to mercy. It is manifest that it was not a verdict of "guilty" such as would mean the death penalty, or "not guilty;" and the phrase, "and recommend him to the mercy of the court," cannot be brushed aside or treated as surplusage, but must be given force and effect, as it has a positive and definite meaning in our law when applied to a verdict on a murder charge. Under the Code, § 26-1005, it is provided that, "whenever a jury, in a capital case of homicide, shall find a verdict of guilty, with a recommendation of mercy, . . such verdict shall be held to mean imprisonment for life." Upon an indictment for murder with a plea of not guilty, no other legal meaning can be given to the verdict

containing the words, "and recommend him to the mercy ῆ the court," except that it authorized a sentence of life impriso nent. By giving to this verdict, in connection with the indictmῃ· and plea, a reasonable intendment and construction, it can beϡμῆ derstood and made certain to a common and reasonable intent; and though the word "guilty" is not contained therein, when considered along with the indictment and plea, it could have no meaning except that the jury had found a verdict of guilty with a recommendation to mercy, and such an interpretation is clear and unequivocal.

■ The foregoing application of the rules of law to the verdict and sentence demanded that the court remand the applicant to the custody of the warden. Therefore no consideration of the effect of the entries made upon the indictment or the bench docket, as illustrating whether this was a consent verdict, is necessary. Nor is any ruling required upon the question of the admission of extrinsic evidence contained in affidavits of the two attorneys.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents, and Head, J., disqualified.*