POWELL *et al. v.* MOORE *et al.*

No. 15712. FEBRUARY 5, 1947. REHEARING DENIED MARCH 20, 1947.

*Roy M. Lilly, Alexander & Vann,* and *C. E. Hay,* for plaintiffs in error.

*Jesse J. Gainey,* contra.

CANDLER, Justice (After stating the foregoing facts.) ■ A motion was made in the court below by the defendants there to vacate and set aside the verdict and judgment in the instant case,

because these were too indefinite and uncertain to be enforced, and because the description of the land as contained in the judgment did not follow the verdict or the record. Error is assigned on the refusal to sustain the motion. In dealing with the questions presented by this assignment, we may say at the outset that, where a judgment does not follow the verdict upon which it issued, it may be amended by order of the court rendering it so as to make it conform thereto. Code, § 110-311; *Daniel* v. *Joseph Rosenheim Shoe Co.*, 152 *Ga.* 278 (109 S. E. 504). Consequently, it was not error to deny the motion for this reason. *Hubbard* v. *Whatley*, 200 *Ga.* 751, 759 (38 S. E. 2d, 738).

It is earnestly insisted that the verdict and judgment should be vacated and set aside because they are too indefinite and uncertain to be enforced. The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them. *Atlantic & Birmingham Railway Co.* v. *Brown*, 129 *Ga.* 622 (4) (59 S. E. 278) ; *Jackson* v. *Houston*, 200 *Ga.* 399 (37 S. E. 2d, 399). "All that is essential to a valid verdict is substantial certainty to a common and reasonable intent." *Short* v. *Cofer*, 161 *Ga.* 587 (131 S. E. 362). A verdict is certain which can be made certain by what it contains or by the record. *Jackson* v. *Houston*, supra. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code, § 110-105. The court may construe a verdict, which is not explicit in its terms, in the light of the pleadings, the issues made by the evidence, and the charge. *Harvey* v. *Head*, 68 *Ga.* 247; *Taylor* v. *Brown*, 165 *Ga.* 698, 700 (141 S. E. 898). With these well-established principles of law to guide the court, should we now hold as a matter of law that the verdict in the instant case should be avoided because of the attack made on it? By reference to the record, we see: (1) The declaration contains a clear description of the property claimed by plaintiff. (2) There was introduced in evidence a plat, showing the property claimed by the plaintiff, which witnesses testified correctly represented land which the plaintiff's predecessor in title had been in actual possession of for more than 20 years. (3) H. J. Moore, one of the defendant's predecessors in title, testified, without dispute, that the Lambert tract by actual measurement contained exactly 75 acres, that it was west of and

adjacent to the plaintiff's land, and that during the period of his ownership of that tract, which was from 1912 to 1935, he recognized Mrs. Madie T. Moore's ownership of the land now claimed by the plaintiff, and there was no dispute with reference to the boundary line between the two tracts. (4) Mrs. Madie T. Moore, the plaintiff's grantor, testified that her grandmother had lived on the land in controversy; that she (Mrs. Madie T. Moore) inherited it from her mother; that she had been in actual possession of it since her marriage 40 years ago, and for some period of time prior thereto; that it (the land in controversy) had fences on and around it, and that her right of possession had never been disputed until now. And (5) the evidence as a whole, as we view it, demanded a finding that the plaintiff's immediate predecessor in title, Mrs. Moore, by reason of the continuance and character of her possession had acquired a good title by prescription for all of the land in controversy. Considering the verdict in the light of the pleadings, the evidence as a whole, and the charge of the court, we can not say as a matter of law that it is too indefinite and uncertain to be enforced. When we look at the entire record, as we have carefully done, we think that the verdict expresses with reasonable certainty the intention of the jury to find that the plaintiff was entitled to recover the land described in his declaration, and that the Lambert 75-acre tract, which joins the plaintiff's land on the west, was no part of the land described in the plaintiff's declaration. Therefore, it follows, from what has been said, that the court did not err in denying a motion to avoid the verdict, and consequently the judgment based thereon, upon the ground that they were too indefinite and uncertain to be enforced.

■ We do not think that the court erred in overruling the motion for new trial, based on the usual general grounds only. "Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by the laws." Code, § 85-401. "Actual adverse possession of lands for 20 years, by itself, shall give good title by prescription against every one, except the State or persons laboring under . . disabilities." § 85-406. "Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another."

§ 85-403. Applying these principles of law to the evidence in this case—which, as we view the record, shows that for a period of more than 20 years Mrs. Madie T. Moore, the plaintiff's grantor, had actual adverse possession in her own right of the land described in the declaration, that her possession did not originate in fraud, that it was public, continuous, exclusive, uninterrupted, and peaceable—we think that the jury was required to find in favor of the plaintiff's right to recover the land in controversy and the possession thereof.        *Judgment affirmed.    All the Justices concur.*