## KERSEY v. THE STATE.

HAWKINS, Justice. This is a companion case to that of *Lynch* v. *State,* ante, p. 325. The evidence and the defendant's statement disclose an agreement between the defendant, George Kersey, and one Thomas Lynch to rob someone in order to replenish their diminishing funds; and, as stated in the brief of counsel for the plaintiff in error, the record discloses that the defendant Kersey, along with Lynch, rode out on the Ogeechee Road, near Dead Man's Curve, in Chatham County, Georgia, and stopped a truck coming towards Savannah, and told the truck driver (the deceased) to get out of the truck and come to the rear of the truck because it was a holdup. The driver got out of his truck and came almost to the rear of his truck, when Thomas Lynch, the other defendant, came towards this defendant and the driver of the truck with a shotgun, and as soon as the truck driver saw the gun he attempted to get back in his truck and was shot by Thomas Lynch. The defendant, George Kersey, on his separate trial, was convicted of murder without a recommendation of mercy, and to the judgment overruling his motion for new trial as amended, he excepts. *Held:*

1. Conceding, but not deciding, that the first verdict presented by the

jury that "We, the jury, find the defendant of first degree murder," was null and void, as contended by the movant in the fourth ground of his motion for a new trial, the trial court did not err in directing the jury to retire and reconsider their verdict, for "The court may require an incomplete verdict, to be made complete, before receiving it." *Cook* v. *State*, 26 *Ga.* 593 (5). See also *Turbaville* v. *State*, 58 *Ga.* 545 (3); *Mangham* v. *State*, 87 *Ga.* 549 (13 S. E. 558); *Smith* v. *Pilcher*, 130 *Ga.* 350 (60 S. E. 1000); *Groves* v. *State*, 162 *Ga.* 161 (132 S. E. 769); *Weaver* v. *State*, 50 *Ga. App.* 178 (3) (177 S. E. 349); *Campbell* v. *State*, 50 *Ga. App.* 171 (177 S. E. 517).

2. The trial court, having fully instructed the jury as to the law of conspiracy, did not err in failing to charge the jury the rules of law as to principals in the first and second degree in the language of the Code, § 26-501, in the absence of an appropriate request so to do. See *Powell* v. *State*, 179 *Ga.* 401 (8) (176 S. E. 29). The fifth ground of the motion for a new trial, complaining of such failure, is without merit.

3. The sixth ground, complaining because the trial court failed to instruct the jury as to the law of admissions and confessions, is likewise without merit for, in the absence of a timely written request, it is not error for the trial court to fail to charge the jury upon the subject of confessions or incriminatory admissions. *Phillips* v. *State*, 206 *Ga.* 418 (2) (57 S. E. 2d, 555).

4. The trial court having fully instructed the jury as to the presumption of innocence thrown around the defendant by the law, as to the burden resting on the State to establish the defendant's guilt beyond a reasonable doubt, and as to the duty of the jury to acquit the defendant unless satisfied of his guilt beyond a reasonable doubt, failure to instruct the jury in the language of the Code, § 38-110, in the absence of a timely request therefor, as complained of in the seventh ground of the motion for a new trial, was not erroneous. *Skinner* v. *State*, 98 *Ga.* 127 (2) (26 S. E. 475); *Fort* v. *State*, 31 *Ga. App.* 525 (121 S. E. 128); *Bell* v. *State*, 148 *Ga.* 352 (96 S. E. 861); *Paramore* v. *State*, 161 *Ga.* 166 (6) (129 S. E. 772); *Nash* v. *State*, 126 *Ga.* 549 (55 S. E. 405); *Albritton* v. *State*, 175 *Ga.* 891 (2) (166 S. E. 643).

5. The eighth ground of the motion for a new trial, complaining that the court erroneously expressed an opinion in stating to the jury in its charge that the law presumes every homicide to be malicious, is without merit. The very short excerpt from the charge here complained of is taken out of its context and, when considered in connection with what immediately precedes and follows it, is not subject to the exception taken. The charge as given is in almost the identical language held to be proper in *Mattox* v. *State*, 181 *Ga.* 361 (4) (182 S. E. 11), and *Thompson* v. *State*, 191 *Ga.* 222 (7) (11 S. E. 2d, 795).

6. The ninth ground of the motion for a new trial is merely an amplification of the first, second, and third (the general) grounds. There was ample evidence to support the verdict, which has the approval of the trial judge, and the judgment refusing a new trial on these grounds will not be disturbed. *Mays* v. *State*, 207 *Ga.* 143 (60 S. E. 2d, 769); *Lynch* v. *State*, supra.

*Judgment affirmed. All the Justices concur.*

No. 17227. OCTOBER 10, 1950.

*James N. Rahal,* for plaintiff in error.

*Eugene Cook, Attorney-General, Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Herman W. Coolidge,* and *Robert E. Andrews,* contra.