111 Ga. App. 716 (1965)
143 S.E.2d 47
PRITCHETT
v.
HIGGINS et al.
41331.
Court of Appeals of Georgia.
Submitted May 4, 1965.
Decided May 20, 1965.
*717 Eugene O'Brien, D. Gerald Ricci, for plaintiff in error.
A. Ed Lane, contra.
EBERHARDT, Judge.
1. The general grounds of the motion are without merit. There was ample evidence to support the verdict.
2. In special ground 4 of the amended motion error is assigned upon the failure of the court to charge, without request, that the negligence of the host driver, if any, was not imputable to the plaintiff who was a guest in the car. Imputability of the negligence of the host driver to a guest was not an issue in this case. It was not made by any pleading or evidence. Defendants made no contention of imputability; rather they contended that the sole proximate cause of plaintiff's injuries was the negligence of the host driver. On that issue the court gave a full and fair *718 charge. "The trial judge is not required to charge provisions of law about which there is no issue, especially when the entire charge so fully and fairly presents the real issue in controversy as to leave no reasonable ground for apprehending that the jury did not understand the law of the case." Knapp Bros. Mfg. Co. v. Cook, 171 Ga. 330 (3) (155 SE 321). "Failure of the trial judge to give a particular instruction to the jury, which the losing party, in his motion for new trial, contends should have been given, is not cause for a new trial, even if such instruction would have been abstractly correct, if neither the pleadings nor the evidence in the case required it to be submitted to the jury." Friedman v. Goodman, 124 Ga. 532 (2) (52 SE 892).
3. In special ground 5 error is assigned upon the failure of the court, without request, to charge that the negligence, if any, of the host driver was not imputable to the guest, in connection with a charge that in order to find a verdict against the defendants they must find that they were negligent in some respect charged in the petition and that their negligence was the proximate cause or concurred in being the proximate cause of plaintiff's injuries. "It has been repeatedly held by both this court and by the Supreme Court that an instruction correct in and of itself is not rendered erroneous by the mere failure of the trial court to give in connection therewith also another pertinent and legal instruction." Burton & Class v. Connell, 84 Ga. App. 106, 109 (2) (65 SE2d 620). Thus, even if the pleadings or the evidence had sufficiently raised the issue of imputability to render a charge on that principle pertinent, no error is shown by this assignment.
4. Headnote 4 needs no elaboration.
5. One of the specifications of negligence charged against the defendants was a violation of the applicable speed limit of 35 miles per hour as fixed by a city ordinance. The only evidence in support of this charge was testimony of a witness who had approached the intersection on McDaniel Street and stopped his car to await a change of the traffic light. He testified that it was snowing but his windshield wipers were working and he saw the truck as it approached the intersection. When he got to the intersection the light was red. He did not observe the Plymouth in which the plaintiff was a passenger until the light turned green. *719 And "when the light turned green I observed the truck. It was, I imagine, about 50 or 75 feet up Northside Drive coming down the hill. [The light] was green on McDaniel Street. I had the green light, you see I was going across. I started to cross but I stopped. I saw the truck driving so fast I just stopped. This other car started across." His further testimony as to the truck speed was: "Q. Did you have opportunity to observe the truck in motion? A. Yes, sir, I saw it coming down the hill, you know, driving about 35 or 40 miles an hour. Q. Just a minute. Do you drive an automobile yourself? A. Yes, sir. Q. How long have you been driving an automobile? A. Twenty-five or twenty years. Q. Based on your experience and observation do you have an opinion as to what the speed of the truck was as it approached the intersection? A. It slowed up a little bit just before it got there and he got a little faster when he got to the corner. Q. Do you have an opinion as to what the speed of the truck was? A. No, around about 35 miles an hour I imagine."
Thus the first estimate of the witness as to the truck's speed of "about 35 or 40 miles an hour," was qualified by the subsequent answer to "around about 35 miles an hour" which is within the permissible limit.
Moreover, his answer of "No, around about 35 miles an hour I imagine" carries the connotation that he really had no opinion as to the truck's speed and that his estimate was at best a matter of speculation and conjecture. An "imagined" speed is pure surmise, upon which a verdict should not be based.
"The testimony that a line might be `imagined' to be projected back to the center line was mere speculation, hence not sufficient to show that the truck had actually been across the line." Bartell v. Del Cook Lbr. Co., 108 Ga. App. 592, 601 (133 SE2d 903). "[I]f it appears from [the witness'] own testimony that [he] is merely surmising . . . it should be excluded . . ." English v. Georgia Power Co., 66 Ga. App. 363, 368 (17 SE2d 891). And see Sanders v. Chandler, 71 Ga. App. 337, 338 (1) (30 SE2d 813). "Findings of fact based on mere conjecture can not be upheld." U. S. Fidelity &c. Co. v. Brown, 68 Ga. App. 706 (3) (23 SE2d 443). "[M]ere conjecture does not constitute evidence upon which . . . findings may be based." Globe Indem. Co. v. Brooks, 84 Ga. App. 687, 688 (67 SE2d 176). "[W]here *720 evidence is not more than a scintilla, if it is dependent entirely upon guess or speculation, it is insufficient to support a verdict." Ladson Motor Co. v. Croft, 212 Ga. 275, 277 (92 SE2d 103). See also Rivers v. State, 118 Ga. 42, 44 (44 SE 859); Bentley v. Southern R. Co., 52 Ga. App. 188, 190 (182 SE 815); Bartell v. Del Cook Lbr. Co., 108 Ga. App. 592, 601, supra. "There is nothing more unreliable than mere opinions and estimates of time and distance." Augusta Southern R. Co. v. Carroll, 7 Ga. App. 138, 139 (66 SE 403). Since it appears that the only evidence as to the speed of the truck was a surmise or speculation, there was a failure to prove this specification of negligence, and it was not error to fail to submit it to the jury. It would not have supported a verdict.
6. It is urged in special ground 8 that the failure of the court to submit the issue of whether there had been negligence on the part of defendants by reason of a violation of the speed ordinance, as contended in that specification of negligence in the amended petition, amounted to an expression of opinion on the part of the court. We do not agree. Certainly the judge did not instruct the jury that there was no negligence on the defendant's part in this respect, as was done in Graham v. Malone, 105 Ga. App. 863 (126 SE2d 272), but on the contrary simply stated that he was not submitting subparagraph F of paragraph 10 of the petition. He made no comment as to what had or had not been proven by the evidence, though he might have said to the jury that there was no evidence to support that specification of negligence, for it was true. East Tenn. &c. Co. v. Markens, 88 Ga. 60, 61 (13 SE 855, 14 LRA 281); Shields v. Georgia R. &c. Co., 1 Ga. App. 172, 173 (57 SE 980).
Judgment affirmed. Nichols, P. J., and Pannell, J., concur.