## 23563. WADE v. WADE.

ARGUED JUNE 14, 1966—DECIDED JULY 7, 1966—REHEARING DENIED JULY 21, 1966.

*Gibson, McGee & Blount, Lamar Gibson,* for appellant.
*E. Kontz Bennett, Sr., E. Kontz Bennett, Jr.,* for appellee.

ALMAND, Justice. John M. Wade in his petition prayed that he be granted a total divorce from the defendant, Mrs. Virginia Wade, on the grounds of desertion and cruel treatment and cus-

tody of their three minor children. Mrs. Wade in her answer and cross action, denying the material allegations in her husband's petition, prayed that she be granted a total divorce on the ground of cruel treatment and that she be awarded the custody of the children and permanent alimony.

On the trial, the jury returned the following verdict: "(1) We, the jury find the verdict of divorce in favor of the plaintiff, John Malcolm Wade. (2) Alimony for Mrs. Virginia Lillian Van Pelt Wade of $200 per month, $15,000 for Mrs. Wade's share of house, and Pontiac car debt free. (3) Child support of $66 per child per month whoever obtains custody of children." The court thereupon entered a decree which in part ordered the plaintiff to pay to the defendant the sum of $15,000 and, in return for such payment, the defendant was to execute a quitclaim deed to a described tract of land in the City of Folkston, the homeplace formerly occupied by the parties, and that a copy of the decree be recorded in the regular deed records of the office of the Clerk of the Superior Court of Charlton County as a muniment of title showing that the one-half undivided interest of the said Mrs. Virginia Lillian Van Pelt Wade has passed to John Malcolm Wade by virtue of the decree of court, irrespective of any deed of conveyance.

The defendant filed her notice of appeal.

■ Enumerated error No. 1 asserts that the verdict, and the decree based thereon, is contrary to the evidence, without evidence to support it and inconsistent and repugnant, and under several decisions of this court (*Anthony v. Anthony*, 103 Ga. 250 (29 SE 923) ; *Hudson v. Hudson*, 189 Ga. 410 (5 SE2d 912) and *Hinson v. Hinson*, 219 Ga. 287 (133 SE2d 25)) should be set aside. This contention is based on the proposition that the husband being granted a divorce on the ground of desertion, the wife was not entitled to an award of alimony for her support, and the verdict being inconsistent and irreconcilable was invalid.

The verdict is not subject to this criticism. The plaintiff sought a divorce on two grounds, desertion and cruel treatment. There was evidence introduced in support of both grounds which would have authorized the jury to find for the plaintiff on either one of them. The court charged the jury as to cruel treatment

of one towards the other. The court instructed the jury that they could not award alimony to the wife if she abandoned her husband without just cause. The jury in its verdict did not specify upon which ground they granted the husband a divorce. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." *Code* § 110-105. The verdict will be construed in light of the pleadings, issues made by evidence and the charge of the court, the presumption being in favor of its validity. *Jackson v. Houston,* 200 Ga. 399 (1) (37 SE2d 399); *Powell v. Moore,* 202 Ga. 62 (1) (42 SE2d 110).

■ The second enumeration asserts that the award of alimony, as contained in the verdict and decree based thereon, conveying the property of the wife to the husband upon his paying a sum fixed by the jury was unauthorized by the pleadings and evidence. Though the plaintiff scheduled the homeplace in his petition and he testified that title was taken in their joint names and that he had put $30,000 of his own funds into the property, he did not pray for a division or partition of the property. The court in its instruction did not submit the question of division or partition of the homeplace as one to be decided by the jury. "The verdict shall cover the issues made by the pleadings. . ." *Code* § 110-101. As a general rule, relief cannot be granted on a matter not alleged or prayed for. *Barbee v. Barbee,* 201 Ga. 763 (3) (41 SE2d 126). See *Robson v. Harwell,* 6 Ga. 589 (1); *Milner v. Mutual Ben. Bldg. Assn.,* 104 Ga. 101 (1) (30 SE 648).

That portion of the verdict awarding $15,000 for the defendant's share of the home owned jointly by the parties was unauthorized and is set aside. Likewise, that portion of the decree conveying the defendant's one-half interest in the house and lot to the plaintiff upon his paying the defendant $15,000 is erroneous, and it is ordered that the trial court on the return of the case strike such portion of the decree.

*Judgment affirmed with direction. All the Justices concur, except Duckworth, C. J., and Candler, P. J., who concur in the judgment but dissent from the direction.*