## 43263.   GOLOSKY et al. v. WHERLE et al.

BELL, Presiding Judge.   Plaintiffs separately sued defendants in two counts for damages, including pain and suffering, sustained in an automobile collision.   Count 1 sought actual and punitive damages.   Liability was admitted.   The cases were tried together and consolidated on appeal.   In his instructions to the jury, the trial judge charged the law relating to punitive damages.   He directed the jury in effect that if they found a verdict on Count 1 their verdict should separately show the amount of actual and punitive damages.   The jury returned a lump sum verdict on Count 1.   Appellants contend that the verdict as to form was contrary to the court's instructions and necessarily represented in part an award of punitive damages which under the pleadings and the evidence was not authorized.   *Held:*

1. The appellants' contentions are without merit.   It appears from the record that in a colloquy with appellants' counsel the court construed the verdict as being for actual damages only, yet nevertheless offered counsel the opportunity of having the jury before its dispersal base the verdict on Count 2 which sought only actual damages.   Counsel did not avail himself of this offer, which under the circumstances constituted a waiver of any irregularity which the verdict may have had in its form and was tantamount to an acceptance of the court's construction that the verdict contained no punitive damages.

2. An automobile may be driven in such a manner as to evince an entire want of care and conscious indifference to consequences sufficient to authorize an award of punitive damages. *Rutland v. Dean,* 60 Ga. App. 896 (1) (5 SE2d 601); *American Fidel. &c. Co. v. Farmer,* 77 Ga. App. 166, 177 (3) (48 SE2d 122); *Jackson v. Co-Op Cab Co.,* 102 Ga. App. 688, 692 (3) (117 SE2d 627).   Under the evidence, although contradictory, the trial judge was authorized to instruct the jury on the standard the law requires for awarding punitive damages.

*Judgments affirmed.   Hall and Quillian, JJ., concur.*

ARGUED JANUARY 4, 1968—DECIDED FEBRUARY 2, 1968— REHEARING DENIED FEBRUARY 28, 1968—CERT. ■

*Fulcher, Fulcher, Hagler, Harper & Reed, J. Walker Harper,* for appellants.

*Harris, Chance & McCracken, Kenneth R. Chance,* for appellees.