## 48322. KING v. COX et al.

CLARK, Judge. "I'm flabbergasted!" was undoubtedly the reaction of appellant who was plaintiff below when the jury returned a verdict for the defendants despite the trial court having directed a verdict for plaintiff. This litigant probably was further amazed when the subsequent judgment thereon required him to pay court costs. How did this unusual situation develop?

We do not have all the answers because there is no transcript of the evidence so our perusal must be limited to the record on appeal. This consists of the complaint, the answer, the jury verdict, the judgment thereon, and a certificate from the trial judge. This certificate reads: "I hereby certify that the above captioned action came on for trial before a jury March 12, 1973. At the close of the evidence for both sides the Court directed a verdict for Plaintiff and submitted damages, vel non, for determination by the jury."

The complaint shows plaintiff to have been a tenant of a farm for the calendar year 1971 under a written lease with a predecessor in title of defendants. That agreement provided for annual renewals "unless terminated by written notice of either party to the other at least two months before the expiration of said referred to lease." It also provided "If the landlord shall sell or otherwise transfer title to the farm, he will do so subject to this lease" and that it was binding upon the successors of both landlord and tenant. Averring he had not received the required termination notice "written or otherwise and that he had tendered the rental for 1972 to defendants who had acquired title to the property, which had been refused along with refusal by defendants to give possession, tenant filed this suit. Pleading "he had made a net profit of $4,801.32 for the year 1971 in farming said premises and that he has no measure or standard of damages to follow" other than this, his ad damnum sought one-half of this previous year's net profit.

The answer of defendants set up various defenses including a contention that notice of termination had in fact been given on several occasions, two of said occasions having been in the presence of witnesses. We can deduce only that the evidence must have developed the notice to have been oral and not in writing as required by the terms of the lease agreement.

We quote the enumerations of error: "I. The jury's verdict and judgment thereon is illegal, inconsistent and repugnant to the

directed verdict of the Court. II. The jury's verdict is so grossly inadequate as a matter of law as to justify an inference of gross mistake or undue bias on the part of the jury. III. The Court erred in failing to demand a verdict from the jury which showed upon which of the pleas, liability or damages, it was rendered. IV. The judgment is illegal and inconsistent in that costs were assessed against plaintiff though a verdict on liability was directed in plaintiff's favor."

1. In the absence of a transcript both sides have argued facts in their briefs. "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel." *Jenkins v. Board of Zoning &c. Columbus,* 122 Ga. App. 412, 413 (177 SE2d 204). In considering the propriety of granting a new trial this reviewing court is limited to the record. *Hunt v. Denby,* 128 Ga. App. 523 (197 SE2d 489).

2. The judge's certificate must be construed as stating that in directing a verdict for plaintiff he left to the jury the question of whether or not he had incurred any damages. Their finding a verdict for the defendants meant that plaintiff failed to show he had in fact sustained any damages.

"Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code § 110-105. "The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them. [Cits.] 'All that is essential to a valid verdict is substantial certainty to a common and reasonable intent.' *Short v. Cofer,* 161 Ga. 587 (131 SE 362). A verdict is certain which can be made certain by what it contains or by the record. *Jackson v. Houston,* 200 Ga. 399 (37 SE2d 399)." *Powell v. Moore,* 202 Ga. 62, 66 (42 SE2d 110).

3. In the absence of a transcript of evidence we cannot consider the second assignment of error arguing the verdict showed gross mistake or undue bias. *Scott Properties, Inc. v. Lawson,* 124 Ga. App. 158 (183 SE2d 238). "When the only question for determination requires a consideration of the evidence and where, as in the case sub judice, no transcript of the evidence is contained in the record, the judgment of the trial court must be affirmed [cits.]." *Davis v. State,* 117 Ga. App. 359, 360 (160 SE2d 670). See also *Holloway v. Poppell,* 114 Ga. App. 531 (152 SE2d 4).

4. Enumeration of error number three contends that the court

erred in failing to demand "a verdict from the jury which showed upon which of the pleas, liability or damages, it was rendered." The trial judge's certificate states that the only issue submitted to the jury was "damages, vel non." If plaintiff had any reservations concerning the verdict, he had a duty to object at the time it was rendered. *Golosky v. Whorle,* 117 Ga. App. 335 (160 SE2d 614). See also *West Ga. Pulpwood v. Stephens,* 128 Ga. App. 864, 870 (198 SE2d 420).

"Where there were two or more pleas and a general verdict was rendered for the defendant without specifying upon which plea or pleas it was returned, and the verdict was received and recorded without objection from either party, the failure of the verdict to show upon which of the pleas it rested, or that it was based upon all of them, will not be cause for a new trial [cits]." *Little v. Rogers,* 99 Ga. 95 (24 SE 856). "But as it is, he has acquiesced in the verdict, and appropriated it, so to speak, to his use. He is not in a situation to prosecute a writ of error; and the motion to dismiss the writ must prevail." *Leonard v. The Eagle &c. Co.,* 60 Ga. 545 (2). There was no request by the plaintiff, timely or otherwise, to have the jury specify on what its verdict was rendered, and consequently this ground is without merit. See *Sanders v. Chandler,* 71 Ga. App. 337, 340 (7) (30 SE2d 813).

5. "A judgment must conform to the verdict (Code § 110-301); and likewise it must follow the true meaning and intent of the finding of the jury." *Taylor v. Taylor,* 212 Ga. 637, 638 (94 SE2d 744). That was done here. Accordingly, it was correct. See also *Roberts v. Citizens Bank &c. Co.,* 33 Ga. App. 626 (127 SE 621).

6. The final assignment of error deals with assessment of court costs. In entering judgment upon the verdict the trial court assessed costs against plaintiff. Code § 24-3401 provides that "In all civil cases. . . the party who shall discontinue, *fail* or be cast in such suit shall be liable for the costs thereof." (Emphasis supplied). Although legal liability was established by the court having directed a verdict for the plaintiff subject to whether or not he had shown he was damaged, he failed not only to establish that he sustained damages but placed himself within the clear meaning of "fail" as used in our statute.

Plaintiff argues that he is entitled upon showing a breach of contract to recover nominal damages which would carry the costs. It is so stated in Code § 20-1409. However, our Supreme Court has ruled this does not apply in a case in which only special or punitive damages are sought. *Haber &c. Co. v. Southern Bell*

*&c. Co.,* 118 Ga. 874 (4) (45 SE 696); *Hadden v. So. Messenger Service,* 135 Ga. 372 (69 SE 480). Plaintiff sought special damages (loss of anticipated profits if he had been permitted to farm the leased property for 1972) and did not pray for nominal damages. He therefore falls within the exclusion and is bound to pay court costs.

*Judgment affirmed. Bell, C. J., Hall P. J., Eberhardt, P. J., Pannell, Quillian and Stolz, JJ., concur. Deen and Evans, JJ., dissent.*
SUBMITTED JULY 9, 1973 — DECIDED OCTOBER 26, 1973.

*Greenholtz, Hind & Champion, Hobart M. Hind,* for appellant.
*May & Margeson, Anthony A. May,* for appellees.

EVANS, Judge, dissenting. The trial judge in this case certifies: "At the close of the evidence for both sides, the court directed a verdict for plaintiff and submitted damages, vel non, for determination by the jury." Despite this direction, he allowed the jury to return a verdict for the defendant, and entered a judgment against plaintiff for costs of court.

The plaintiff's suit prayed for a general judgment for $2,400.66 for breach of contract. Code § 20-1409 provides: "In every case of breach of contract, the other party has a right to damages; but if there has been no actual damage, the plaintiff can recover nominal damages which will carry the costs." Thus, without proof of any damages whatever, under the trial court's direction, plaintiff was entitled to recover "nominal damages which will carry the costs." The jury had no right whatever to disobey the instructions of the trial judge, and upon returning a verdict for the defendant — contrary to his instructions — he should have refused to accept the verdict, and should have instructed the jury to return a verdict for plaintiff for one dollar, or such other nominal sum as he or they felt proper and should have entered judgment for costs against defendant.

It is always the right and duty of the trial court to refuse to accept an illegal verdict, and to require the jury to correct same. *Blalock v. Waldrup,* 84 Ga. 145 (2) (10 SE 622); *Kersey v. State,* 207 Ga. 326 (1) (61 SE2d 493).

In 88 CJS 719, Trial, § 262, it is stated: "It is obligatory on the jury to return the verdict directed by the court; they are not at liberty to refuse obedience. When a peremptory instruction is given, the jury may be compelled over their protest to return a verdict in accordance therewith. The refusal of a juror to obey the

instruction subjects him and those who encourage him to punishment for contempt, but the power of the court is not limited to the discharge of the jury and the punishment of jurors . . . according to more numerous authorities the court may, in case of the jury's refusal to find as directed, direct the entry of a verdict without their assent. . ." No brief of evidence or transcript of the proceedings has been brought to this court. The only proper judgment of the court is to reverse and remand, with instructions to the trial court to enter a judgment for plaintiff.

I respectfully dissent from the majority opinion which affirms the trial court in allowing this illegal verdict to stand with costs of court cast against plaintiff.

I am authorized to state that Judge Deen concurs in this dissent.