## 54021. PATTERSON v. LOGGINS.

SHULMAN, Judge.

A jury returned a verdict awarding possession to appellant of certain personalty held by appellee and finding in favor of appellee on a counterclaim. This appeal follows.

1. Appellant urges that the verdict is void because the State Court of Cherokee County, to which the case was transferred (see *Cook v. Kruger,* 141 Ga. App. 815 (4) (234 SE2d 402)), was without jurisdiction to consider the case.

The original complaint was in the nature of a trover action to recover for deprivation of use and praying in the alternative for possession of the personalty or its value. See Code Ann. §§ 107-101, 107-105. Appellee counterclaimed for money damages allegedly resulting from breach of contract, a buy-sell agreement. The State Court of Cherokee County, a court without equity jurisdiction, had jurisdiction to hear the original complaint. See *Charles S. Martin Distributing Co. v. Indon Industries,* 134 Ga. App. 179 (2) (213 SE2d 900); Code Ann. § 24-2106a. Appellee's counterclaim did not divest the court of jurisdiction. *Cities Service Oil Co. v. Cronan,* 123 Ga. App. 794 (182 SE2d 484); *Ben L. O'Callaghan Co. v. Bond Supply Co.,* 138 Ga. App. 186 (1) (225 SE2d 774). See also *Sun Ins. Co. v. Brant,* 112 Ga. App. 59 (1) (143 SE2d 774).

2. Appellant also challenges the judgment on general grounds.

Evidence was presented which would authorize a jury to find that appellant and appellee formed a corporation, that to acquire capital appellee procured a loan pledging appellant's boat as collateral with appellant's permission, that appellee was personally liable on the note, that appellant entered into a buy-sell agreement whereby appellant agreed to assume appellee's personal loan and pay appellee a sum certain, that appellant did in fact make payments on the assumed loan, and that when appellant failed to continue making timely payments appellee took appellant's boat.

"Where a jury returns a verdict and it has the approval of the trial judge, [as it did here] the same must

be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. [Cits.]" *Taylor v. Ga. Power Co.,* 136 Ga. App. 412, 413 (221 SE2d 222). There was ample evidence to support the verdict.

3. The appellant urges that the verdicts are inconsistent, uncertain and unauthorized by the evidence. The jury found in favor of appellee on the counterclaim in the amount of $3,147.20. The jury also returned a verdict on the principal action as follows: "We the jurors find that Plaintiff have possession of boat, upon settlement of outstanding note against boat." R-3.

" 'Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity.' Code § 110-105. 'The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them. [Cits.] "All that is essential to a valid verdict is substantial certainty to a common and reasonable intent." *Short v. Cofer,* 161 Ga. 587 (131 SE 362). A verdict is certain which can be made certain by what it contains or by the record. *Jackson v. Houston,* 200 Ga. 399 (37 SE2d 399).' *Powell v. Moore,* 202 Ga. 62, 66 (42 SE2d 110)." *King v. Cox,* 130 Ga. App. 91, 92 (202 SE2d 216).

There is nothing uncertain or inconsistent under the facts here in a jury verdict requiring appellant to pay a sum certain, i.e., the balance owing on a loan, as a condition to recovery. See *Savannah Bank &c. Co. v. McQueen,* 149 Ga. 302 (100 SE 33). There can be no question here as to the meaning of the word "boat." See *Jolly v. Jolly,* 137 Ga. App. 625 (224 SE2d 807).

Accordingly, this enumeration must fail.

4. At the beginning of the trial appellee's counsel announced "Ready" with no conditions reserved and without qualification. See Code Ann. § 24-3341. Appellant urges that appellee thereby waived any objections to appellant's failure to comply with a notice to produce and enumerates the exclusion of evidence based on appellant's noncompliance as error. Cf. *Charles v. Segars,* 127 Ga. App. 333 (2) (193 SE2d 564).

The record shows appellant had complied with appellee's notice to produce but at trial sought to

introduce additional documents which were requested by, but not given to, opposing counsel.

We need not decide whether an announcement of "Ready" without qualification or reservation constitutes a waiver of objections to failure to comply with a notice to produce. Such a waiver would necessarily require knowledge that the notice to produce had not been complied with. Under the circumstances here appellee's counsel was not, and could not have been, aware that the appellant had only partially complied with the notice.

We cannot say that the judge erred in excluding the documentary evidence. *Dept. of Transportation v. Livaditis,* 129 Ga. App. 358 (2) (199 SE2d 573).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

· SUBMITTED JUNE 8, 1977 — DECIDED JULY 14, 1977.

*Preston L. Holland,* for appellant.
*William G. Hasty, Jr.,* for appellee.