## 2977.  CARTER *v.* THE STATE.

1. "Verdicts are to have a reasonable intendment and are to receive a reasonable construction, and are not to be avoided unless from necessity."
2. A verdict returned into court by the jury in a criminal case and endorsed on the accusation in the following language, "We, the........., find the defendant guilty," dated and signed by one of the jurors as foreman, is sufficient in form, and is not so vague, indefinite, or uncertain as to afford ground for motion in arrest of judgment.
3. It was within the province of the jury to settle the conflicting inferences arising from the state of the testimony and from the nature of the transaction in issue; and the verdict, approved by the trial judge, can not be disturbed by this court.
DECIDED NOVEMBER 29, 1910.

Accusation of bastardy; from city court of Nashville—Judge Buie.  September 10, 1910.

*J. P. Knight,* for plaintiff in error.

*J. H. Gary, solicitor,* contra.

POWELL, J.  The first headnote is quoted from the code; the third is but a restatement of a proposition so well settled as to

deserve no present elaboration. As to the second headnote: The jury delivered into court the accusation with the endorsement thereon, "We, the ......, find the defendant guilty, this 21st day of June, 1910, J. R. Kinard, foreman." The defendant moved in arrest of judgment, on the ground that there was no legal verdict; that the "pretended verdict does not disclose whose verdict it was, whether that of a jury or what." As it appears that the "pretended verdict" was entered on the accusation, was signed by one of the jurors as foreman, and was brought into court and received as the verdict of the jury, we do not think that there is much doubt as to whose verdict it was. We hardly believe that the words, "We, the ......," as used under the circumstances, would be construed by many ordinary folks as meaning "we, the Georgia legislature," or "we, the city council," or "we, the local baseball team," or anything else than "we, the jury." We so understand it, the trial judge so understood it; and it seems that the defendant or his counsel so understood it, for he recites in the bill of exceptions tendered by him that "a verdict of guilty was rendered in said cause against defendant therein."

*Judgment affirmed.*