## 6071.  SHAW *v.* SOUTHERN RAILWAY COMPANY.

RUSSELL, C. J.  1.  A stipulation in a contract of carriage that claims for loss or damage shall be made in writing to the agent at the point of delivery or at point of origin, within four months after the delivery of the property, may be waived by the carrier.

(*a*) Where, within four months after the delivery, the shipper, or one authorized to do so for him, filed with the general freight agent of the delivering carrier (even though he did not reside at the point of delivery), a written claim for loss or damage, and where the general freight agent made the claimant an offer on behalf of the carrier in settlement of the claim, which offer was refused, and he thereafter withdrew the offer and declined payment of the claim, on the ground of non-liability, and no question was at any time raised as to failure to present the claim to the agent at the point of delivery, rather than to one high in authority, this amounted to waiver of such failure to file the claim with the agent.  See *Post* v. *A. C. L. R. Co.*, 138 *Ga.* 763, 765 (76 S. E. 45), and cases cited; *Carter* v. *Southern Railway Co.*, 3 *Ga. App.* 34 (5), 35 (59 S. E. 209); *L. & N. R. Co.* v. *Tharpe*, 11 *Ga. App.* 471 (75 S. E. 677).

2.  The shipment (206 hives of bees) was made on March 24th. A claim was filed with the last connecting carrier in May thereafter for $586, as the amount of actual loss occasioned by delay in the shipment.  Attached to the claim was an affidavit of the claimant, dated April 5, setting out that the claim was for the loss of 32 colonies of bees, which were totally dead; 50 colonies of which a half were dead, and 122 colonies, of which a third were alleged to be dead, all because of unreasonable delay in transportation.  The colonies were alleged to be of the value of $6.00 each.  The petition alleged that 32 colonies were dead upon arrival, and that the remainder of the bees were in such condition on arrival that they afterwards died from the effects of the hardships encountered by the delay in their handling, and asked damages in the sum of $1450, this being for the total number of the colonies of bees at $8 each, less $198 received for the hives in which they were housed.  The evidence supported the petition.  On motion of the defendant the court granted a nonsuit.  *Held,* that the grant of the nonsuit upon the ground that the suit was not based upon the claim filed was error; and that the suit, in so far as it could be supported by evidence, was good for the $586 for which a claim had been filed with the last connecting carrier.

3. Those amendments to the defendant's plea, which sought to abate the suit by reason of the prior pendency of a former suit upon the same cause of action by the plaintiff against one jointly liable with the defendant, and on which a settlement was alleged to have been had, were properly allowed by the court. The matter set forth in the amendments was not of a dilatory nature, but presented defensive matter affecting the merits of the pending action. A dilatory plea is one that merely delays the plaintiff's remedy upon the ground that the plaintiff is not entitled to recovery at a particular time or in a particular court or action. A dilatory plea does not affect the merits of the cause of action, and the plaintiff may still seek his remedy by a new action, though such a plea may defeat the particular suit.

*Judgment reversed.*

DECIDED SEPTEMBER 11, 1915.

Attachment; from city court of Bainbridge—Judge Spooner. September 29, 1914.

*Harrell & Wilson,* for plaintiff.

*T. S. Hawes, McDaniel & Black,* for defendant.