### 13562. BLACKMAN v. WILSON.

BROYLES, C. J.   1. Under repeated rulings of the Supreme Court and of this court a special ground of a motion for a new trial must be complete and understandable within itself, or it will not be considered by the reviewing court. Under this ruling the 1st ground of the amendment to the motion for a new trial cannot be considered.

2. Under the facts of the case the failure of the court to charge certain principles of law set out in the motion for a new trial was not error, in the absence of timely written appropriate requests.

3. This was a suit to recover a balance of $60 alleged to be due the plaintiff as rent, and the jury returned the following verdict: "We, jury find Plaints.$60.00 Sixty principal & $9.45 int." This verdict was not too vague, uncertain, and indefinite to be the basis of a valid judgment. See Civil Code (1910) § 5927; *Giles* v. *Spinks,* 64 *Ga.* 206, 207; *Rouse* v. *Chance,* 27 *Ga. App.* 256 (108 S. E. 65).

4. There is no merit in the contention that the verdict was null and void because it failed to award any sum for costs or to name the party responsible for the costs. . "Costs are not to be awarded in the verdict, but are assessed by the court upon the verdict." *Southern Express Co.* v. *Maddox,* 3 *Ga. App.* 223 (2), 225 (59 S. E. 821), and citation.

5. The plaintiff did not sue for any interest, and therefore the recovery of interest was unauthorized, but this error does not render the entire verdict invalid. If the plaintiff, at the time the remittitur from this court is made the judgment of the lower court, will write off from the recovery $9.45, the amount found as interest the judgment will be affirmed; otherwise it will be reversed.

*Judgment affirmed, on condition. Luke and Bloodworth, JJ., concur.*
DECIDED JULY 12, 1922.

Appeal; from Campbell superior court — Judge Hutcheson. April 5, 1922.

*W. E. Suttles,* for plaintiff in error. *Camp & Parker,* contra.