### 14823.  BROWNING v. THE STATE.

1. When all the evidence and the statement of the defendant are consid-
   ered, this court cannot say that the trial judge erred in charging the
   jury on voluntary manslaughter.  One theory upon which such a
   charge would be authorized is that the jury had a right to believe any
   part of the statement of the defendant and to disbelieve other parts.
   If they believed that part of the statement of the defendant in which
   he said that the deceased made an actual assault upon him with a
   knife, which was not shown to be such a weapon as would likely pro-
   duce death, and believed that the accused shot the deceased because
   of that assault, the law of voluntary manslaughter was involved and
   was properly given in charge to the jury.  *Dennis* v. *State,* 93 Ga. 303
   (20 S. E. 315); *Green* v. *State,* 124 Ga. 344 (7) (52 S. E. 431); *Tan-
   ner* v. *State,* 145 Ga. 72 (1) (88 S. E. 554); *Smith* v. *State,* 23 Ga. App.
   77 (4) (97 S. E. 454).

2. The evidence authorized the instructions of which complaint is made
   in grounds 6 and 7 of the motion for a new trial.  However, these
   instructions related to the charge of murder, and, as the accused was
   convicted of the charge of manslaughter, they could not have been
   prejudicial.  *Dunwoody* v. *State,* 23 Ga. App. 93 (1) (97 S. E. 561),
   and cases cited.

3. The 8th ground complains of the failure of the judge to give a re-
   quested charge on the law of justifiable homicide.  In this the judge
   did not err, as the charge given was correct and fully covered this issue.

4. In grounds 9, 10, and 11 it is alleged that the court erred in failing
   to give certain instructions to the jury.  There is no evidence to sup-
   port such instructions.  They could have been founded solely upon
   the statement of the accused; but, as there was no timely written
   request therefor, the failure so to charge is not cause for a new trial.
   See Stev. Dig., vol. 1, p. 469, catchwords "Statement of accused."

5. In the light of all the facts of the case, and. when the entire charge
   is considered, the court did not err in failing to charge the jury as fol-

lows: "An accident is an event that takes place without one's foresight or expectation; that which takes place or begins to exist without design."

6. Although the form of the verdict was changed by one of the attorneys for the State before it was published, this was not error harmful to the accused, as, after the change, the jury was polled and each one of them declared that the verdict as changed and published was his verdict.

7. There was evidence to support the verdict.

DECIDED NOVEMBER 14, 1923. REHEARING DENIED DECEMBER 5, 1923.

Conviction of manslaughter; from Atkinson superior court—Judge Dickerson. June 9, 1923.

*Levi O'Steen, Dickerson & Kelley, Casey Thigpen,* for plaintiff in error.

*J. D. Lovett, solicitor-general, J. P. Knight, W. D. Buie,* contra.

BLOODWORTH, J.   Only the 6th headnote needs elaboration. The verdict was as follows: "We, the jury, find the defendant guilty. This — day of —, 191—. Thomas Kennedy, Foreman. Sentence five years; no more nor no less." The motion for a new trial alleges that after a conference with the judge one of the attorneys for the State so changed the verdict as to make it read: "We, the jury, find the defendant guilty [of] voluntary manslaughter, and fix his sentence at not less than five years and not more than five years in the penitentiary. This the 23rd day of February, 1923;" which was written over the signature of the foreman of the jury. The verdict was then published. Thereupon counsel representing the defendant "objected to the reception of the verdict, upon the ground that the verdict that was rendered by the jury was not received by the court, and the verdict which was read in open court was the verdict which had been prepared by counsel representing the State, and for that reason the verdict should not be received in court; it not being the verdict as rendered by the jury." Counsel representing the defendant further objected to the verdict as changed, on the ground that, "this having been done in the presence of the jury, who had already made their verdict, which was not received, is prejudicial to the rights of the defendant," and upon this ground moved the court that a mistrial be declared. The record shows that after the change in the form of the verdict was made, counsel for the defendant requested that the jury be polled. This was done, and each juror stated that the verdict as published after correction was his verdict. To allow

the verdict to be so changed was irregular, as the jurors, under instructions from the court, should themselves have made any desired change in their verdict. However, the change resulted in no injury to the defendant. "Verdicts are to have a reasonable intendment and are to receive a reasonable construction, and are not to be avoided unless from necessity." Penal Code (1910), § 1059; Civil Code (1910), § 5927; *Espy* v. *State,* 19 *Ga. App.* 743 (1) (92 S. E. 229). In *Tifton Ry. Co.* v. *Butler,* 4 *Ga. App.* 193 (60 S. E. 1088), this court held: "Verdicts are to be upheld if capable of legal intendment. . . They will be construed in the light of the pleadings, the issues made by the evidence, and the charge of the court." To give to the verdict in this case "a reasonable intendment," and construing it in the light of the pleadings and the charge of the court, the only reasonable construction that could be put upon it is that the jury intended to find the accused guilty of voluntary manslaughter. In instructing the jury as to the verdict the judge gave them four forms, to wit, murder, murder with recommendation that the punishment be imprisonment for life, voluntary manslaughter, and not guilty. He told them that in the event they should convict of voluntary manslaughter they should fix the punishment, which could not be less than one nor more than twenty years. The punishment recommended by the jury and included in their verdict makes it certain that they intended to find the defendant guilty of voluntary manslaughter. "Id certum est quod certum reddi potest." In *Monk-Sloan Supply Co.* v. *Quitman Oil Co.,* 10 *Ga. App.* 390 (1) (73 S. E. 522), this court held: "Verdicts are not to be set aside for indefiniteness, if they are capable of being reduced to reasonable certainty by an application of the ordinary canons of construction." In *Giles* v. *Spinks,* 64 *Ga.* 205, Jackson, J., said: "A verdict is certain which can be made certain by what itself contains or by the record." In *Morgan* v. *Coleman,* 139 *Ga.* 459 (77 S. E. 579), the third division of the decision is as follows: "Where a deed provided for the securing of the principal debt, and also contained covenants that the debtor would pay the taxes and insurance on the property and the attorney's fees; and where on the trial of a suit brought to recover the amount of principal and interest of the main debt, and certain amounts as having been paid for taxes and insurance, and attorney's fees, and to have all of these declared to be special liens

on the property, a verdict was returned generally in favor of the plaintiff, but, on inquiry from the court, the foreman of the jury informed him that the intention was to find the full amount of the principal sued for, with interest at a stated per cent. thereon, and for the amounts alleged to have been paid for insurance and taxes, and also the amount of attorney's fees claimed, there was no error on the part of the court in framing a verdict to carry out this purpose and submitting it to the jury; nor was there error, after the jury had retired and returned with the verdict so framed as their verdict, and each of them on being polled stated that he had agreed to it, in receiving such verdict over objection on the ground that the jury had already found one verdict and could not find another, nor on the ground that the judge was invading the province of the jury in making one for them. *Smith* v. *Pilcher,* 130 *Ga.* 350 (60 S. E. 1000) ; *Jordan* v. *Downs,* 118 *Ga.* 544 (45 S. E. 439) ; *Seaboard Air-Line Ry.* v. *Howe,* [139 *Ga.*] 429 (77 S. E. 387)." See also *Brantley* v. *State,* 87 *Ga.* 149 (4) (13 S. E. 257) ; *Pool* v. *State,* 87 *Ga.* 526 (1), 530 (1) (13 S. E. 556) ; *Seifert* v. *Holt,* 82 *Ga.* 757 (2), 761 (2) (9 S. E. 843) ; *Williams* v. *Brown,* 57 *Ga.* 304 (4) ; *Fant* v. *State,* 8 *Ga. App.* 438 (2) (69 S. E. 586) ; *Carter* v. *State,* 8 *Ga. App.* 471 (69 S. E. 588) ; *Peninsular Naval Stores Co.* v. *State,* 20 *Ga. App.* 501 (2), 503 (2) (93 S. E. 159) ; *Blackman* v. *Wilson,* 28 *Ga. App.* 768 (3) (113 S. E. 32) ; State *v.* Potter, 16 Kan. 80 (23 L. R. A. 729, note) ; Robinson *v.* State, 23 Tex. App. 315 (4 S. W. 904).

 *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*