32235.  JOSEPH CAMPBELL COMPANY *v.* LaFARA.

DECIDED JANUARY 8, 1949.  REHEARING DENIED FEBRUARY 11, 1949.

*Cain & Smith*, for plaintiff in error.

*Robert R. Forrester, Steve F. Mitchell, Ira Carlisle, Franklin, Eberhardt & Barham*, contra.

PARKER, J. We construe the petition in this case as a claim for damages arising from an alleged breach of contract. It discloses the terms and character of the contract, how and in what manner there was a breach thereof, and the specific injury or damages flowing from the breach. It shows with some degree of precision how the alleged damages directly or logically resulted from the alleged breach. See *Harrell* v. *Southern Railway Co.*, 14 *Ga. App.* 451 (81 S. E. 384) ; *Columbian Mutual Life Ins. Co.* v. *Carter*, 58 *Ga. App.* 150 (197 S. E. 925).

The remedies of the seller on default of the buyer provided in the Code, § 96-113, do not "exclude the pursuit of a different remedy by the seller, where a purchaser refuses to take and pay for goods bought, and where, under the facts of the case, none of the three methods of procedure mentioned in that section is available." *Carolina Portland Cement Co.* v. *Columbia Improvement Co.*, 3 *Ga. App.* 483 (60 S. E. 279). Under the above ruling as applied to the allegations of the petition in this case, the plaintiff was not restricted to the remedies provided in the Code section cited.

Count one is based on the theory that the defendant breached the contract by refusing to take delivery of the plants and pay for them, after having accepted them, and that the plaintiff's damages are $16,650, the price at which he could have sold the plants to another person. If the defendant accepted the plants it would not be liable in damages for more than the contract price even though they could have been sold to someone else at a higher price. There is no special demurrer to the allegations as to the amount of damages claimed in count one, and "A petition which alleges an improper measure of damages can not for that reason be dismissed on general demurrer." *James* v. *Dayton Rubber Mfg. Co.*, 57 *Ga. App.* 511, 513 (196 S. E. 298). But under our construction of the petition there can be no recovery of damages over and above the contract price for the plants agreed upon by the parties. "Where a contract has been broken the law seeks to give such damages as will put the injured party in the same position as if the contract had been kept." *Albany Phosphate Co.* v. *Hugger Bros.*, 4 *Ga. App.* 771 (62 S. E. 533). "If the contract is for the sale of goods to be manufactured or otherwise procured by the seller, and the buyer refuses to accept, or gives notice that he intends to refuse acceptance, so that the seller is excused from procuring and tendering the goods, he will be entitled to such damages as will put him in the same position as if he had been permitted to complete the contract." *Georgia Power & Light Co.* v. *Fruit Grower's Express Co.*, 55 *Ga. App.* 520 (190 S. E. 669).

The special demurrers to the allegations in paragraph 5 in count two that the plaintiff told the defendant he had an offer for said plants if defendant did not wish to avail itself of the

575

option to purchase, and to paragraphs 7 and 9 of said count, should have been sustained. This is so because under the allegations that the defendant had accepted the plants it is immaterial whether the plaintiff could have and would have sold to some other party. The court erred in overruling the special demurrers pointed out, but all other special demurrers to said count, including those relating to the date the plants were accepted, and the agent of the defendant accepting them, and how the defendant accepted them, and the quantity and size of the plants, were properly overruled.

*Judgment affirmed in part and reversed in part.* Sutton, C. J., and Felton, J., concur.