34392. LANDERS *v.* THE STATE.

DECIDED JANUARY 24, 1953.

*Raymond W. Martin,* for plaintiff in error.

*Wright Lipford, Solicitor-General, Wilson Darden, Duke Davis,* contra.

TOWNSEND, J. (After stating the foregoing facts.) 1. The controlling question in this case is whether the court should have charged the law of voluntary manslaughter. Where the evidence involves voluntary manslaughter, it is the duty of the judge to give the law on this subject in charge. *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996); *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148). The evidence on behalf of the State and that on behalf of the defendant are irreconcilable. If the facts leading up to the homicide and the homicide itself occurred in the manner detailed by the witnesses for the State, then the offense was murder. On the other hand the statement of the

defendant, which was corroborated by the testimony of the eyewitness who was riding in the car with him, disclosed that the deceased was making an actual assault upon the defendant in the latter's car with an opened knife, the blade of which was 3¼ inches in length. That the deceased actually cut the defendant about the face and near the vital parts of his neck was corroborated by the fact that the defendant the next morning when arrested by the sheriff was cut in this manner. This was also corroborated by the fact that splotches of blood were inside the automobile near where the defendant was sitting. This blood may have come from the defendant or it may have come from the deceased who, according to the statement of the defendant and the testimony of his witness, had his head inside the car, cutting the defendant at the time the deceased was shot. Indeed, parts of this blood may have come from both the defendant and the deceased.

The court gave in charge to the jury the provisions of Code § 26-1011, defining justifiable homicide where committed "in self-defense, or in defense of habitation, property or person against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either." Certainly the jury was authorized to find from the testimony of the defendant's witness and the defendant's own statement that the homicide was justifiable under this provision of the law. However, in order for the charge of the court on the subject of manslaughter to constitute error under this record, it must appear that the evidence and statement on behalf of the defendant, if believed by the jury, would only *authorize* a verdict of justifiable homicide and not *demand* it. In other words, accepting the defendant's theory as the truth and assuming that there is no evidence in the record contradictory to it, would it demand a verdict of acquittal? Code § 26-1007 provides in part as follows: "In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied." Here, according to the testimony of the defendant's witness and his statement, there

was some actual assault being committed upon the defendant. There was an attempt by the person killed to commit a serious personal injury on the person killing. It follows therefore that if the assault was not such as to bring the attack within the law of justifiable homicide, a charge on voluntary manslaughter was applicable.

In *Johnson* v. *State*, 4 *Ga. App.* 59 (60 S. E. 813) it was held that, "where the weapon used was a pocket-knife, and the defendant stabbed the deceased in the neck with it, an intent to kill may be presumed." In *Moon* v. *State*, 68 *Ga.* 687, 698, a charge was approved with the following explanation: "The proposition was a two-fold one: first, the deadly weapon must be used with intent to kill, and secondly, in a manner to kill. To strike one a blow with a knife (a deadly weapon) closed, would not raise a legal presumption of intention to kill, and yet one might so strike wishing to kill. Yet if he struck with a knife open, then it would be used in a manner to kill, and being with a deadly weapon the legal presumption would be, he intended to kill." See also *Tyre* v. *State*, 112 *Ga.* 224 (1) (37 S. E. 374).

In *Tanner* v. *State*, 145 *Ga.* 71, 72 (88 S. E. 554) it is held: "If the evidence on behalf of the defendant be true it showed an actual assault was committed upon him by the decedent *with a weapon not shown to be such as would* likely produce death, and that the homicide took place while that assault was in progress; and the law of voluntary manslaughter was involved and it should have been given in charge to the jury." (Italics added.) In that case the deceased was advancing upon the defendant while armed with a pair of brass knucks. The court further held as follows: "We cannot say as a matter of law that brass knucks is a deadly weapon." In *Browning* v. *State*, 31 *Ga. App.* 150 (1) (120 S. E. 649), the assault was made "with a knife, which was not shown to be such a weapon as would likely produce death." In *Land* v. *State*, 11 *Ga. App.* 761 (3) (76 S. E. 78), the charge on voluntary manslaughter was justified by circumstances showing a mutual intention to fight. In *Brown* v. *State*, 10 *Ga. App.* 50 (1) (72 S. E. 537), there were circumstances authorizing the jury to find that the deceased did not attack him with a knife, as contended by the

defendant, but only with a whip. In *Smith* v. *State,* 23 *Ga. App.* 76 (4) (97 S. E. 454), the knife was not shown to be one likely to produce death. In *Dennis* v. *State,* 93 *Ga.* 303 (20 S. E. 315) the evidence showed that the deceased was "advancing upon" the defendant with a knife, but not that he was within striking distance, or in position where he would have been able to inflict a mortal blow. In these and other similar cases, although the assault was being made with a knife, a finding was not demanded that it was, in the manner used, a weapon likely to produce death. It follows, therefore, that if the assault here was being made with a weapon that, in the manner in which it was being used, was likely to produce death, the killing under the self-defense theory demands the conclusion that it was justified. The evidence is silent as to whether the knife with which the deceased assaulted the defendant was a deadly weapon. However, this court knows without the interposition of any affirmative evidence that a knife with a blade three and a fourth inches long is a weapon that, in the manner in which it is being used, is likely to produce death, when that knife is being wielded by a strong 190-pound man in a standing position upon another man sitting within his reach, and the latter is being cut in an area near his jugular vein.

The evidence of the State here would demand a finding that the homicide constituted murder. The evidence of the defendant would demand a finding that it constituted justifiable homicide. The trial court, therefore, erred in charging on the subject of voluntary manslaughter. *Brawner* v. *State,* 81 *Ga. App.* 163 (58 S. E. 2d, 238); *Smith* v. *State,* 175 *Ga.* 361 (2) (165 S. E. 231); *Currie* v. *State,* 156 *Ga.* 85 (2) (118 S. E. 724).

2. The general grounds are not passed upon, as the case must be tried again. The other assignments of error are either abandoned or are not likely to occur upon another trial of this case.

The trial court erred in overruling the motion for a new trial. *Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*