39389, 39390.   SHAHEEN *et al.* v. KIKER; and *vice versa.*

DECIDED APRIL 3, 1962.

694

*Pittman, Kinney & Pope, J. T. Pope, Jr.,* for plaintiffs in error.

*Walter H. Bolling,* contra.

EBERHARDT, Judge. ■ There is no merit in the general demurrer, and it was properly overruled. Nor is there any merit in any of the grounds of special demurrer. That a suit may be maintained upon open account for the items shown in the exhibit attached to the petition and without attaching a copy of the contract in a case of this kind is settled in *Ittner Bros. v. Farmers State Bank,* 15 Ga. App. 235 (82 SE 909). If the allegations of the petition had been such as to place the plaintiff in the position of declaring upon the contract, it would have been proper to require that it be attached as an exhibit or incorporated in substance in the petition. *Finn v. Carden,* 100 Ga. App. 270 (110 SE2d 693). And, in that situation, it would have been necessary to allege compliance with conditions precedent appearing in the contract. However, it does not appear from the allegations here that plaintiff was declaring upon the contract. Although the architect's certificate which was used as the statement of account was dated January 6, 1960, that would not show or indicate that the amount sought to be recovered was not *due* on some other date. It is a general rule that where the sale is at a fixed price an account for

materials or merchandise sold or for labor performed is, in the absence of an agreement between the parties or a custom to the contrary, due immediately upon delivery of the materials or merchandise or the performance of the labor, and interest begins to run from delivery or performance. *Rice-Stix Dry Goods Co. v. Friedlander Bros.*, 30 Ga. App. 312 (3) (117 SE 762), aff'd. 158 Ga. 303 (122 SE 890); *Horkan v. Great American Indem. Co.*, 211 Ga. 690 (5) (88 SE2d 13) and citations. The preparation and dating of a statement of account at some later date, either for the purpose of presenting for payment or for the filing of suit on the account would not change the rule or alter the running of interest.

■ Although the contract for the building of the house did provide (Article 19, A. I. A. Standard Short Form Contract No. 307) that the submission to arbitration of any dispute between the parties should be a condition precedent to the maintenance of a suit, the plea setting up this condition came too late. Though designated as a "plea in bar" it was no more than a plea in abatement. It did not go to the merits, but merely as to when the amount might be due and subject to suit. *Shaw v. Southern R. Co.*, 17 Ga. App. 78, 79 (3) (86 SE 95); *Carter v. Solomon*, 54 Ga. App. 517 (1) (188 SE 545). If it had been timely filed, as required by *Code* § 81-403, as amended, the plea would have been good and would have abated the action until the condition had been complied with. The same may be said as to other similar conditions of the contract, such as the furnishing of an affidavit that all bills for materials and labor used in the construction of the house had been paid (Article 16).

■■ The general grounds of the motion for new trial are without merit, save as to one matter. A copy of the contract between plaintiff and defendants was attached by defendants to their plea and answer. It was introduced in evidence. One provision of the contract (Article 18) provides that "The Architect . . . shall certify to the Owner when payments under the contract are due and the amounts to be paid." Thus, it appeared from the evidence that there was an agreement between the parties as to when interest should begin to run. It

does not appear that effective certification was had until January 11, 1960, and for that reason interest would not begin to run until that date. Although the verdict of the jury awarded interest on "the balance of contract, $7,262.49" at seven percent per annum, it did not state from what date. However, in entering judgment on the verdict it appears that interest was applied and calculated on that amount from April 5, 1958. The inclusion of interest for any period prior to certification was error. If the plaintiff will write off all interest prior to January 11, 1960, the date of the architect's certification on the item of $7,262.49, the order of the trial court overruling the motion for new trial is affirmed on the general grounds (we deal with the special grounds of the motion in divisions following), otherwise it is reversed.

Since there was no prayer for interest on any other item, there could be no recovery of interest thereon. *Blackman v. Wilson,* 28 Ga. App. 768 (5) (113 SE 32); *A., B. & C. R. Benefit Assn. v. South,* 49 Ga. App. 659 (4) (175 SE 924).

In special ground 2 error is assigned upon the failure of the court to charge, without request, any rule applicable to the due date of the account in question. Since we are affirming on condition that the interest prior to January 11, 1960, be written off, any error in this respect is harmless. Interest begins to run on an account from the time it is due, and under the treatment most favorable to the defendants the item of the account on which interest was sought and awarded was due no later than January 11, 1960.

In special ground 3 error is assigned upon a portion of the charge which authorized the application of interest at seven percent to a liquidated account and instructed that if the jury should find any portion of the account to have been liquidated on April 5, 1958, plaintiff would be entitled to recover interest thereon from that date. For the reason stated in the division immediately above, this charge, if error, is harmless.

In special ground 1 error is assigned upon the failure of the court, without request, to charge on the measure of damages applicable to the plea of recoupment. Since the jury returned a verdict for the plaintiff for the full amount sued for it must

necessarily follow that they found against the plea of recoupment, and any error in the charge or in failure to charge on the measure of damages applicable thereto was harmless. *Hill v. Harris*, 11 Ga. App. 358 (6) (75 SE 518); *Friedin v. Fields*, 11 Ga. App. 790 (76 SE 167).

■ There is no merit in the contention as outlined in special ground 3-A of the motion, that it is error to charge that the defendants should, to sustain their plea of recoupment, show with some degree of precision how the alleged damages directly or logically resulted from alleged breaches of his contract by the plaintiff. *Harrell v. Southern R. Co.*, 14 Ga. App. 451 (1) (81 SE 384); *Joseph Campbell Co. v. LaFara*, 78 Ga. App. 569, 573 (51 SE2d 524).

■ In their plea of recoupment defendants set up that plaintiff had breached his contract for the construction of a house in 42 particulars and that a replacement cost for these items would total $5,000. Nowhere in their plea and answer do they seek to recover, as a consequence of the breaches, damages measured by the difference in the value of the house as completed by the plaintiff and the value as it would have been if completed according to contract. Accordingly, it was not error to exclude, upon proper objection, a question directed to the plaintiff, "Will you tell the jury the difference in the market value as completed by Mr. Kiker and that as it should have been completed?" and his answer thereto. Such was not in proof of or in support of the allegations of the plea of recoupment. *Carroll v. Yearty*, 102 Ga. App. 677 (3) (117 SE2d 248).

Since the provision herein for writing off the interest prior to January 11, 1960, on a portion of the account amounts to the obtaining of a substantial modification of the judgment in the trial court, the costs of bringing the case to this court are taxed against the defendant in error. *Brown v. General Motors Acceptance Corp.*, 52 Ga. App. 409, 410 (4) (183 SE 632); *American Airmotive Co. v. Meyer*, 81 Ga. App. 554 (59 SE2d 514); *Anderson v. Beasley*, 169 Ga. 720 (151 SE 360).

*Judgment affirmed on the condition stated above on the main bill of exceptions. Cross-bill dismissed. Carlisle, P. J., and Russell, J., concur.*