21778. A. F. KING & SON, INC. et al. v. GOODDINE.

Submitted September 11, 1962—Decided October 4, 1962.

*Myrick & Myrick*, for plaintiff in error.
*John R. Calhoun*, contra.

Grice, Justice. The owner's efforts to free her property from security deeds held by her agent gave rise to the litigation here. Rulings for review are upon demurrers and motion for new trial unsuccessfully interposed by the agent.

The owner, Ruth Gooddine, filed her petition in the Superior Court of Chatham County, against A. F. King & Son, Inc., a real estate firm, its president and sole stockholder, E. D. King, and its attorney, Mary Clark Creech. It alleged the following.

She is the owner of two tracts of land on which the two first named defendants hold three security deeds. The defendant A. F. King & Son, Inc. is the holder of a security deed in the amount of $1,400 on the first described tract, which is rental property, and one in the amount of $1,125 on both that first tract and the second described tract, which is her home. The latter deed was assigned to the firm by its original grantee in consideration of $640. The defendant E. D. King is the holder of a security deed for $259.59 on the second described tract. He acquired it by transfer from its original grantee.

The plaintiff owner is aged, feeble, without education, unable to read and write, inexperienced in and without understanding of business affairs and not familiar with the handling of money or the care of property.

The circumstances surrounding her execution of the first security deed and the acquisition of the other two by the defendants, she relates as follows.

Leading up to the *first* of these security deeds, the defendant

E. D. King, in September 1957, acting as agent for the defendant A. F. King & Son, Inc., solicited from her the management of the first tract, informing her that he would rent it, collect the rents, care for it in general, keep it in good repair and act as her agent in its management. The plaintiff, believing that those defendants were reputable rental agents, agreed for them to take charge of her property, manage it and do any and all acts that she could do with it.

Immediately after the defendant real estate firm began such management it summoned the plaintiff owner and told her "to sign a paper for the repairs and that [it] would deduct the payment therefor from the rents each month." She "signed said paper not knowing what same was as she was unable to understand the language thereof and defendant informed her that it was not necessary for her to know what it contained as it was merely evidence of money that was expended on said property and that it would be deducted by it from the rents received."

The paper which the plaintiff signed was a security deed for $1,400 with interest. She alleged that such amount was false in that it was composed of excessive sums for materials and labor, instead of their true value of $850 and that these defendants "wilfully, maliciously and with full knowledge misrepresented to [her] the amount of the cost of said repairs and through trickery had [her] to sign said deed to secure debt knowing the same to be false while so acting as her agents."

The defendant A. F. King & Son, Inc., during its two and a half years management of her property, has collected $1,961.41 as rents but has withheld the same from her, without furnishing her any statements. She thought that the rentals were "being used to apply on said debt for the repairs," as originally agreed between her and these defendants, but the defendant firm has informed her that the only credit upon such security deed indebtedness is $52.22, which she paid from her own funds.

The plaintiff owes these two defendants nothing. On the contrary, they owe her $1,111.41, the difference between the rents thus collected while her agents and the true cost of the repairs.

She therefore seeks cancellation of this instrument and judgment for the $1,111.41 excess.

As to the second mentioned security deed, covering both the first and the second tracts, the plaintiff alleged that she executed it to another person and that the defendants A. F. King & Son, Inc. and E. D. King acquired its assignment with her money while acting as her agent and with intent to defraud her. Her charge is that they received from an insurance company a fire loss check for $929.26 payable to her and others, told her to endorse it and they would use the proceeds to discharge the security deed indebtedness to its holder and would then apply the balance to repair the damaged property. The plaintiff believed those defendants, had confidence in them, endorsed the check, and turned it over to the defendant E. D. King. On the next day the two defendants paid the $640 due on the security deed to an agent of the holder of that deed, but instead of having the instrument canceled, they had it transferred to the defendant A. F. King & Son, Inc., in direct conflict with plaintiff's instructions and agreement with them.

The two defendants have appointed the defendant Creech as trustee under that security deed and have commenced foreclosure proceedings by advertising sale of the property on a designated date. Plaintiff alleges that she owes nothing on this security deed but that her property will be sold for such false debt unless the sale is restrained.

As to the third mentioned security deed, covering the second tract, plaintiff alleges that the defendant E. D. King procured its assignment from its original grantee and appointed the defendant Creech to collect the $259.59 due on it. Thereupon, plaintiff paid to Creech $260 under such security deed and the latter turned this money over to the defendant King. But instead of canceling the instrument, he credited only $150 as payment on it and applied the remainder on another indebtedness allegedly due the defendant A. F. King & Son, Inc. by plaintiff. The defendant King, in refusing to cancel this security deed, wilfully and wantonly dealt between himself and the defendant A. F. King & Son, Inc. to prevent its cancellation and to keep plaintiff's property under his control and with a

cloud thereon. She alleges that since she owes nothing upon it, this deed should be canceled.

All of the aforesaid acts of the defendants King and A. F. King & Son, Inc. as to these three security deeds, the plaintiff alleges, were done wilfully, with intent to defraud her of her property while they were so acting as her agents, and were a common scheme by them to take her property.

The plaintiff avers that she is not indebted to them in any amount, but that such two defendants are retaining $1,111.41 of her money; that they have refused to turn it over to her and have also refused to cancel the security deeds, after repeated demands. She has no adequate remedy at law, and if their foreclosure takes place she will suffer irreparable harm and expense.

Her prayers included restraining the defendants from foreclosure, canceling the security deeds, and judgment for $1,111.41 against the defendants E. D. King and A. F. King & Son, Inc.

The defendants filed an answer denying the petition's allegations and seeking a monetary judgment against the plaintiff, and also interposed demurrers, which were overruled.

Upon the hearing on the temporary injunctive relief sought, the trial judge restrained the defendants only from selling the second tract. Thereafter, the defendants amended their answer to allege that the first tract had been sold at public outcry and reduced the amount prayed for judgment against the plaintiff.

Upon trial, the jury returned a verdict "in favor of canceling the deeds to secure debt."

The defendants' amended motion for new trial was denied. The assignments of error here are the overruling of the defendants' demurrers and the denial of their motion for new trial.

■ After the case reached this court the plaintiffs in error (defendants in the court below) moved for leave to amend their bill of exceptions to designate as plaintiffs in error only A. F. King & Son, Inc. and E. D. King, thereby eliminating Creech, the other defendant in the trial court, and also to designate Ruth Gooddine as the defendant in error and to provide a statement of this court's jurisdiction of this review. This motion is granted.

■ (a) The general demurrers were properly overruled.

The petition alleged a cause of action for the agents' mishandling and wrongful disposition of their principal's property. Sufficient allegations were made as to the property involved, the debt instruments executed by the plaintiff-owner and held by two of the defendants, the principal and agent relationship existing, the fraud practiced by such agents, her reliance upon their promises in the handling of her property, the resulting injury to her, her payment to them of all indebtedness, and the necessity for relief. *Jones v. Laramore*, 149 Ga. 825 (102 SE 526) ; *Stover v. Atlantic Ice &c. Corp.*, 154 Ga. 228 (113 SE 802).

(b) The special demurrers were likewise correctly ruled upon.

The ground complaining of insufficiency of the allegations concerning the owner's failure to read the first security deed before signing is not meritorious. Here, in contrast to the cases relied upon by the defendants, the relationship of the parties was a fiduciary one, entitling the owner to rely upon her agents for the contents of the instrument which they presented for her signature.

The two grounds asserting that certain allegations are conclusions are without merit.

The remaining ground, charging vagueness, uncertainty and indefiniteness of the paragraph embodying the claim for $1,111.41 upon open account is likewise not valid. Furthermore, any error as to it would be harmless, since the jury did not find in favor of that claim, but awarded cancellation only. *Shaheen v. Kiker*, 105 Ga. App. 692 (4) (125 SE2d 541). See also, for collection of cases, 3 West's Georgia Digest, Appeal and Error, p. 315, § 1040 (10).

■ The motion for new trial was properly denied.

(a) As to the general grounds, while the evidence was in conflict, it amply supported the plaintiff owner's contentions.

(b) One special ground complains that the verdict was null and void because it included cancellation of the security deed on a tract which, between the filing of the suit and the trial, had been sold pursuant to the deed's power of sale. This ground was properly overruled. No authorization for this sale appears to

have been provided by the trial court. That such court did not, pending the litigation, enjoin the sale did not vest in the security deed holder any right to proceed under the power contained in the instrument. The holder, a defendant in this suit, had notice of the plaintiff owner's claim to the property. It sold at its peril. Cf. *Peoples Bank v. Fidelity Loan &c. Co.*, 155 Ga. 619 (1) (117 SE 747); *Plainville Brick Co. v. Williams*, 170 Ga. 75 (2), 85 (152 SE 85).

(c) The remaining special ground, that the trial court erred in charging the owner's contention that her right to cancellation included the security deed covering the tract sold, is, for the same reason, not meritorious.

*Judgment affirmed. All the Justices concur.*