## 50351. MITCHELL v. THE STATE.

DEEN, Presiding Judge.

The defendant was convicted of aggravated assault. The evidence showed without dispute that in the course of an altercation in their bedroom he shot and wounded his wife with a pistol at least twice. *Held:*

1. The defendant was indicted at the March, 1974, term of the Superior Court of DeKalb County. The case on its first hearing ended in a mistrial, and this trial took place on September 19. Whether or not an earlier list of witnesses had been furnished to the defendant on demand being made by him, a full list was in fact furnished on May 24, 1974, well in advance of this hearing. We ruled in *Fishman v. State,* 128 Ga. App. 505, 511 (197 SE2d 467) that the words of Code Ann. § 27-1403, requiring that one charged with crime "shall be furnished, on demand, previously to his arraignment, with a copy of the ac-cusation, and a list of the witnesses on whose testimony the charge against him is founded" means that the demand must be made prior to arraignment, and that "on demand" does not mean "instanter" but as soon as possible after the demand is made. In *Fishman* the list was not furnished until the day of trial. In the present case there was ample time after receiving it to prepare the

defense.

2. The name "Harry Jackson" was on the witness list. His address is given as the home of the defendant and victim, where her son Harry Jackson was living. The fact that there may have been another Harry Jackson at a different address, not used as a witness, was not ground for objecting to the use of the Jackson at the address given as a witness for the state.

3. "The trial judge has the right to propound a question or series of questions to any witness. . . And a lengthy examination by the court of a witness called by either party will not be cause for a new trial, even though some of the questions were leading in character, unless the court, during the examination of the witness by himself, expresses or intimates an opinion on the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character." *Wilson v. State,* 229 Ga. 224 (190 SE2d 78); *Gillis v. Bowman,* 132 Ga. 762 (1) (64 SE 1096). After a police officer had testified to a conversation with Jackson on his arrival at the home, the court said: "As a result of the conversation you had with the boy did you take certain steps or did you do anything?" The witness said: "Yes, I take these steps to protect myself and . . ."At this point the court explained to the jury that such evidence was admissible, not to prove the fact, but to explain the officer's conduct. He then again queried the witness, and asked: "You made a statement to the jury that you did something to protect yourself?" A. "Oh, I drew my weapon at that time, yes, sir." Upon objection the judge stated that he felt it his duty to "have evidence presented to the jury in the most orderly fashion possible without prejudice to either side and without giving undue influence to either the State or the defense." A motion for mistrial was made and denied at this point. We do not find that the court was either argumentative so as to become an advocate for the state, as charged, that he expressed an opinion of what had been proved, or that the defendant's fair trial rights were prejudiced. The hearsay evidence was properly admitted for the sole purpose of showing the officer's reason for entering the house with drawn gun. The fact that Jackson later, when sworn as a witness,

denied the statements which the officer said caused him to pull his gun went merely to the credibility of the parties, and did not validate the objections urged. Grounds 3, 4, 5 and 8 are without merit.

4. A hearing was held outside the presence of the jury to determine whether incriminatory statements of the defendant should be admitted. The officer swore that he instructed the defendant first as to his constitutional rights, that in his opinion the defendant understood them, and that the latter so stated. The statements were admissible. A so-called "Miranda rights" card was offered by the defendant for the special purpose of this hearing marked "D-1." However, as the question of its general admissibility arose at the conclusion of the trial, and defendant's counsel stated: "Your Honor, I think we'll go ahead and tender D-1," it was admitted without objection and cannot be complained of at this point.

5. The defendant testified that he was familiar with his wife's reputation in the community as a violent and turbulent person. Thereafter he was asked: "Have you ever been struck by your wife prior to this date?" The objection sustained was that only general reputation, not specific acts, could be explored on direct examination. *Mimbs v. State,* 189 Ga. 189 (5 SE2d 770). "Previous difficulties between the defendant and the deceased, which give color and effect to the transaction under investigation and shed light upon the motives of the parties, are competent evidence. *Brown v. State,* 51 Ga. 502." *Coleman v. State,* 141 Ga. 737, 739 (82 SE 227). To be admissible, however, it must further be shown that the previous occasion is close enough in point of time, and otherwise relevant to the feelings of the parties, to be of probative value or it is not admissible. *Miller v. State,* 158 Ga. 697 (124 SE 195); *Brown v. State,* 109 Ga. App. 212 (135 SE2d 480). The exclusion of testimony that *at some prior time* the witness had struck the defendant, nothing more appearing, is insufficient ground for reversal.

6. Appellant further contends that the court erred (a) in failing to charge on the offense of simple assault; (b) on a request to charge Code Ann. § 26-902 (a) the court added thereto Code Ann. § 26-902 (b) (1), and (c), the court refused to charge on request that "sympathy for the

alleged victim should play no part in your deliberations."

We find no error in the instructions given. The victim's testimony was that as she was sleeping on the bed her husband entered the room, gun in hand stating he was going to kill her and others, and "he fired three times before I could even say anything." The defendant admitted the shooting, but claimed that he and his wife were lying on the bed at the time, that he reached under the mattress for the pistol (which was normally left there by the parties) and that the first shot went off by accident while they tussled for the gun, and next was fired in self-defense. Where under neither version of the evidence would a lesser crime be involved, it is not error to fail to charge it. *Landers v. State,* 87 Ga. App. 446 (74 SE2d 383).

As to the remaining request, the court included that part of it which stated the state's burden to prove guilt beyond a reasonable doubt. Under the facts of this case, and taking the charge as a whole, we find no reversible error.

7. Enumerations of error 12, 13 and 14 deal with the introduction of conviction or guilty pleas for assault and battery and related offenses, the evidence being offered at the sentencing hearing. We find from the record that that part of Code Ann. § 27-2534 which specifies that only such matters "as the State has made known to the defendant prior to his trial" was complied with when the state gave defendant's counsel a list of the prior convictions or pleas intended to be used. These all related to "Willie Mitchell," the name under which the defendant was indicted in this case. Identity of name presumptively imports identity of person, in the absence of any evidence to the contrary. *Timbs v. State,* 71 Ga. App. 141 (3) (30 SE2d 290). No question of identity was raised in the trial court, and it is too late to raise the question here.

8. A fair statement of the contentions of the parties as shown by the evidence is not an expression of opinion by the trial judge. *Malcom Bros. v. Pollock,* 52 Ga. App. 772 (3) (184 SE 659).

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED FEBRUARY 25, 1975 — DECIDED MARCH 13, 1975 —
REHEARING DENIED MARCH 26, 1975 —

Robert T. Efurd, W. C. Dominy, for appellant.
Richard Bell, District Attorney, Calvin A. Leipold, Assistant District Attorney, for appellee.